# Commonwealth of Pennsylvania *v.* William V. Brown, Appellant.

*Criminal law—Operating motor vehicle while under influence of liquor—Insufficiency of evidence.*

In the trial of an indictment, charging the defendant with operating a motor vehicle while under the influence of liquor, the fact that there was a collision between the car operated by defendant and another motor vehicle, and the testimony of two witnesses who came upon the scene of collision almost immediately after it occurred, both of whom testified that defendant was under the influence of liquor, together with the fact that said witnesses had ample opportunity to observe condition of defendant after the accident, constituted sufficient evidence to warrant a verdict of guilty, and the judgment entered upon such verdict will not be disturbed.

Argued October 16, 1923.   Appeal, No. 228, Oct. T., 1923, by defendant, from judgment of Q. S. Chester County, Jan. Sessions, 1923, No. 35, on verdict of guilty in the case of Commonwealth of Pennsylvania v. William V. Brown.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for operating a motor vehicle while under the influence of intoxicating liquor.   Before BUTLER, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty upon which judgment of sentence was passed.   Defendant appealed.

*Error assigned* was the refusal of motion for new trial.

*William Tregay,* for appellant.—Where circumstantial evidence is relied on to prove a fact the circumstances must be proved and not themselves presumed; no presumption can be drawn from a presumption: Douglas v. Mitchell's Executor, 35 Pa. 440.

VOL. LXXXII—6

*W. Butler Windle,* District Attorney, for appellee.

PER CURIAM, November 19, 1923:

Notwithstanding the informality of the assignments of error, we have considered the case on the merits. Appellant contends the evidence is insufficient to convict him of driving an automobile in Chester County while intoxicated. Though no witness was called who saw him drive, there was ample evidence, if believed, to justify the jury in finding that about midnight, January 5, 1923, defendant, while intoxicated, drove his car westward along the Lincoln Highway in Chester County and collided with a motor truck headed eastward; in his car he had a bag containing two bottles of liquor, one nearly empty. Two witnesses for the Commonwealth who came upon the scene of collision almost immediately after it occurred, testified that defendant "staggered around there, his eyes were inflamed," "he was under the influence of liquor." At his request they brought him back to Coatesville, so that they had ample opportunity to observe his condition; he informed them he had driven from Philadelphia and was on his way to Dover, York County. The evidence, with the contentions of the defendant were put to the jury by the learned court below in a charge of which no complaint is made. It was the function of the jury to find the facts; we may not interfere.

Judgment affirmed, record remitted to the court below, and it is ordered that the defendant appear in that court at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.