## Commonwealth *v.* Kerns, Appellant.

Argued September 28, 1936.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

*Abraham J. Levy,* with him *M. Morton Weinstein,*
for appellant.

*Earl Jay Gratz,* Assistant District Attorney, with
him *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY RHODES, J., November 17, 1936:

Appellant was convicted of operating an automobile,
in Philadelphia county, while under the influence of
intoxicating liquor. On this appeal appellant con-
tends that the evidence is insufficient to warrant his
conviction, and that a new trial should have been
granted by the court below because of after-discovered
evidence.

There was ample evidence from which the jury was
justified in finding that about 5:30 a. m. on October 13,
1935, the appellant drove his automobile into a wooden
telegraph pole, at Thirteenth and Lombard Streets, in
the City of Philadelphia, and thereafter, in an intoxi-
cated condition, continued to drive his automobile to

a garage on Reed Street between Sixth and Seventh Streets. A police officer, who was a witness for the Commonwealth, arrived at the scene of the accident immediately thereafter. After inspecting the damage to the pole, which bore the imprint of an eagle, later found to be the insignia on the front of appellant's automobile, he proceeded in a police car, driven by another officer, and followed a trail of water, apparently caused by a leaking radiator, leading away from the scene of the collision eastwardly on Lombard Street to Sixth Street. At Sixth Street, still following the trail made by the leaking radiator, they turned south and saw the tail light of an automobile some distance ahead, which turned west on Reed Street. When the police car reached the corner of Sixth and Reed Streets, this automobile was still moving in a westerly direction on Reed Street, at four or five miles per hour. While still under the observation of the witness, it came to a stop in front of a garage on Reed Street between Sixth and Seventh Streets. This witness testified that he heard a horn blow and saw an attendant come out of the garage and enter the left-hand side of the automobile. Upon reaching the car, he found the attendant behind the wheel and the appellant beside him on the front seat. He further testified that nobody had left the appellant's car while it was under his observation; that during the pursuit he saw no one in the car but the driver; that nobody else was on the street excepting the garage attendant whom he saw come from the garage and enter the automobile of the appellant.

A police surgeon examined the appellant, and testified that he found him under the influence of intoxicating liquor.

The defense was to the effect that the appellant was not driving the automobile, but that the same was being driven by an employee of the appellant. One Max Silowitz testified that he had driven appellant's car from the Saratoga Club, at Sixty-sixth Street and

Elmwood Avenue, where appellant admittedly had been drinking; that while so driving he had collided with the telegraph pole; that he thereupon drove to the garage at Reed Street, summoned the attendant, and walked down the street to his home on Sixth Street above Reed Street. The garage attendant testified that he had been summoned by Silowitz; that he came out and got into appellant's car; that he did not see Silowitz; that he recognized Silowitz by his voice; that he proposed to drive the appellant to his home and then return the car to the garage.

The evidence was properly submitted to the jury by the learned trial judge. The issue was purely one of fact. The jury, apparently believing the testimony of the police officer, was justified in concluding that the appellant had been driving his automobile while intoxicated. See *Commonwealth v. Brown,* 82 Pa. Superior Ct. 81. There was legal evidence to prove appellant's guilt beyond a reasonable doubt. See *Commonwealth v. Harman,* 4 Pa. 269.

The trial judge heard, in open court, the testimony of several witnesses at the argument on motion for a new trial. This testimony does not meet the tests which have long prevailed in this Commonwealth. It does not satisfactorily appear that the evidence was such as could not have been obtained at the trial by the use of reasonable diligence; it seeks to impeach the credibility of a witness, or is simply corroborative or cumulative. Had all of this testimony been in evidence at the trial, there is no good reason to believe that it would have resulted in a different verdict. With exception of the testimony of a witness which tended to corroborate the contention of the appellant that Silowitz, and not he, was driving the automobile when they left the Saratoga Club, this testimony would seem to support, rather than contradict, the statements of the police officer who was the principal witness for the

Commonwealth. The court below, in its opinion refusing appellant's motion for a new trial, has stated: "At the trial, after seeing and hearing the witnesses, the court was convinced that the defendant was guilty, and after hearing the additional evidence, our conviction of defendant's guilt is even stronger than it was before." It was within the sound discretion of the court below to refuse a new trial on the ground of after-discovered evidence; and a review of the entire record satisfies us that there was no abuse of that discretion. See *Commonwealth v. Mellon,* 81 Pa. Superior Ct. 20; *Commonwealth v. Elliott,* 292 Pa. 16, 140 A. 537; *Commonwealth v. Greenfield et al.,* 103 Pa. Superior Ct. 489, 157 A. 50; *Commonwealth v. Heck, Williams et al.,* 92 Pa. Superior Ct. 541.

Assignments of error are overruled. The judgment is affirmed, and it is ordered that the defendant, John Kerns, appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time the appeal in this case was made a supersedeas.