## Commonwealth *v.* Marks, Appellant.

Argued November 8, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

reargument refused March 8, 1949.

*Leland W. Walker,* for appellant.

*Thomas F. Lansberry,* District Attorney, for appellee.

OPINION BY FINE, J., January 14, 1949:

James E. Marks appeals from his conviction, by a jury, of operating his motor vehicle in Somerset County while under the influence of intoxicating liquor,[1] contending that there is no evidence that he operated his vehicle in said county; that the court below therefore erred in dismissing his demurrer.

Appellant was found in his parked truck by police officers at about 2:30 a.m. on September 14, 1947, on the side of the eastbound lane of the Pennsylvania Turnpike, in Somerset County, about one mile west of the Somerset Interchange. He was found slumped over the steering wheel asleep. By the side of the appellant was another man who was also asleep, and between them on the seat was a whiskey bottle, almost empty. Police officers testified they had difficulty in arousing appellant; that in reply to their questions as to whether he had been driving appellant said ". . . he drove the truck himself"; that they then took him to a doctor nearby after they noticed

---

[1] Act of 1929, P. L. 905, Art. VI, § 620 (f), as last amended by the Act of 1939, P. L. 1135, 75 PS § 231.

his staggering gait and detected the odor of alcohol on his breath. The doctor pronounced appellant under the influence of intoxicating liquor, whereupon he was taken before a justice of the peace in the Borough of Somerset and held for the court of quarter sessions.

Helen Thomas, a waitress in charge of a restaurant at Hempfield on the east side of the Turnpike in Westmoreland County, testified that about 1:45 a.m. on September 14, 1947, appellant, obviously under the influence of liquor, entered the restaurant; that ". . . he was very loud and he gave a little boy . . . money to go in and make a call to his wife that he would be [home] in McKeesport in twenty minutes"; that appellant caused quite a disturbance by "hollering," annoyed several of the patrons and then "staggered out the door." She then reported the circumstances to the state police at the Bedford barracks. James Wetzel, a service station attendant at the same restaurant at Hempfield, after corroborating Miss Thomas's description of appellant's condition, testified: "Q. Did you see him driving an automobile or motor vehicle? A. Yes, sir. Q. What kind was it? A. It was a truck. . . . Q. Where did you see him drive it? A. Drove it off our driveway. Q. In which direction did he drive it? A. East on the Turnpike. Q. Towards Somerset and Bedford? A. That is right." It is significant that the accused proceeded east to Somerset, although his previously expressed intention was to travel west, in the opposite direction, to McKeesport. Wetzel admitted, as did the two arresting officers, that they did not see appellant actually operate his truck on the Turnpike in Somerset County. H. S. Whipperman, the justice of the peace of Somerset Borough, testified without objection that appellant had signed a statement in his presence in which he admitted having driven his truck on the Turnpike to the place where the police officers found him. Appellant offered no evidence in his behalf after his demurrer was dismissed.

Appellant argues that the Commonwealth did not prove by eye witnesses that he operated his truck in Somerset County while under the influence of intoxicating liquor, and it was therefore error to submit the question to the jury and thus to permit them to guess on the pivotal issue in the case. Such a position is untenable in the light of the evidence. There is direct evidence that appellant was visibly under the influence of liquor while he was in the Hempfield restaurant in Westmoreland County at 1:45 a.m.; that he was seen driving off in the direction of Somerset County about that time; that he was found less than an hour later parked along the Turnpike three miles[2] east of Hempfield, with an almost empty bottle of whiskey by his side; that he was visibly intoxicated when found in Somerset County at that time. The proofs here are not consistent with innocence, and the evidence was sufficient both in kind, quality and volume to reasonably and naturally justify an inference of guilt and to satisfy the jury beyond a reasonable doubt that the accused operated his truck in Somerset County while under the influence of liquor.

That no witness was called who saw appellant operate the truck in that county is not fatal to Commonwealth's case as there was ample circumstantial evidence which alone, if believed, would justify the jury in finding the accused guilty as charged. *Commonwealth v. Brown,* 82 Pa. Superior Ct. 81. Moreover, the jury had before it the oral and written admissions of the accused regarding his criminal agency. The case was submitted to the jury by the learned court below in a charge concerning which no complaint is made, and their verdict was fully warranted by the evidence.

Judgment and sentence affirmed.

---

[2] The distance as appearing in the record is erroneous. Although not material, the distance is approximately fifteen miles.