## Commonwealth *v.* Walker, Appellant.

618

Argued September 26, 1949. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*James C. Bly*, with him *F. J. Woods* and *Joseph P. Willson*, for appellant.

*C. W. Shattuck*, District Attorney, for appellee.

OPINION BY DITHRICH, J., January 12, 1950:

Defendant was found guilty of operating a motor vehicle while under the influence of intoxicating liquor. The learned court below in refusing his motions in arrest of judgment or for a new trial filed no opinion, nor has he filed a statement of the reasons for his action since being served with notice of this appeal. Perhaps his attitude toward the whole matter is reflected in his charge to the jury, where he said: "This has been a case in which a number of points have been raised which never, to our recollection, have been raised in the several years during which the present court has been on the bench, nor during the time when the present court was district attorney. It seems rather remarkable that so many new questions may be raised, even after the judge has heard cases for a number of years, but such has been the case in the proceeding before you, which

has, perhaps, made the case all the more interesting to you, or, perhaps, it has made it all the more tiresome." The latter, we think, would be the correct statement.

The evidence discloses that about 10 o'clock in the evening of January 6, 1949, defendant was found lying on the back seat of a Cadillac sedan that had crashed through the guardrail on State Highway Route 219 at a point somewhere between Kane and Sergeant in McKean County. Part of the cable from the guardrail was wrapped around the front bumper of the automobile, which had plunged over a twenty-foot embankment after leaving the highway. The doors of the automobile were "jammed" so that they couldn't be opened. One of two men who went to the rescue of the occupant broke a window and the defendant crawled out. He was helped back onto the highway and the State Police at Kane substation were summoned. They testified that they arrived at the scene of the accident seven minutes after having received the call. In the meantime they had dispatched an ambulance ahead of them, and when it appeared that defendant might have been injured he was told to get into the ambulance. When he refused and became loud and boisterous he was placed under arrest. Both of the highway patrolmen were men of many years' experience and they testified that there was no doubt in their minds that the defendant was definitely under the influence of intoxicating liquor. He was taken before Dr. H. J. McGhee in Kane and, after a thorough medical examination, he gave it as his opinion that the defendant was under the influence of liquor. He was lodged in jail for the night.

At the close of the Commonwealth's case the defense demurred to the evidence on the ground that it had failed to show that the defendant had been operating the automobile on the highway. One of the State high-

way patrolmen testified that when he examined the automobile owner's card of the defendant it corresponded with the license number on the automobile which had been found over the embankment. In argument on the demurrer counsel for the defendant said to the trial judge: "There are two parts to this thing. The first is, he must be operating. The second is under the influence of intoxicating liquor. Now, it might be a presumption, the car down where it was found with him in it, that he operated. There is no presumption that he operated that car while he was under the influence of intoxicating liquor." Of course there could be no presumption to that effect, but there was ample evidence to submit to the jury to enable them to determine that he had been operating the automobile on the highway while under the influence of intoxicating liquor. To begin with there was the evidence of the automobile's leaving the highway on a clear, dry night, crashing through the guardrail and plunging down a twenty-foot embankment; evidence of the man who helped defendant out of the automobile that he was "a little bit intoxicated"; evidence of Mrs. Glans, the wife of the other man who went to defendant's rescue, that "he had been drinking liquor"; evidence of the man who summoned the State Police that "He seemed to be under the influence . . . he was using vulgar language and walking up and down and swaying on the highway. . . . He staggered"; followed by the evidence of the highway patrolmen and the medical examiner heretofore referred to.

In his brief appellant states that: "From the fact that appellant was found enclosed [the evidence indicates to our mind that he was trapped rather than "enclosed"] in an overturned automobile it may be conceded that he was the driver of the vehicle upon the highway. . . . The inference that appellant drove

the car on the highway because he was found in it a short distance therefrom is no doubt deducible from the evidence. It is contended, however, that the evidence that appellant was under the influence of intoxicating liquor subsequent to his return on the highway is not sufficient to convict him in this case." That contention completely ignores the testimony of the man who helped him crawl out of his automobile that he was intoxicated then. The only possible theory on which appellant could escape conviction in this case would be that he became intoxicated while he was "enclosed" in his sedan after it had overturned, and there is not a scintilla of evidence to that effect nor any evidence to support such an inference. It is quite evident that he somehow managed to get from the front seat to the rear seat in an effort to get out of the car. Certain it is that, judging from the position and condition the automobile was in when the rescuing party reached it, no one else could possibly have been in the car with him when it left the highway.

Although not mentioned or referred to in appellant's statement of the questions involved in this appeal, the chief burden of his argument in the court below, and to some extent here, is that the Commonwealth was permitted to establish the corpus delicti by a statement made by him to one of the highway patrolmen that he had been driving the car "without any prior . . . proof that the car had ever been operated on that highway." Evidence that the automobile had crashed through a guardrail, plunged twenty feet down an embankment, with the cable from the guardrail wrapped around its front bumper, coupled with evidence that no one but the defendant could possibly have been in the automobile, is abundant "proof that the car had . . . been operated on that highway" by the defendant. Facts often speak louder than words.

In view of appellant's statement now that "it may be conceded that he was the driver of the vehicle upon the highway" and that such "inference . . . is no doubt deducible from the evidence," renders further discussion unnecessary.

See *Commonwealth v. Johnson*, 162 Pa. 63, 29 A. 280, and *Commonwealth v. Dolph*, 164 Pa. Superior Ct. 415, 65 A. 2d 253.

The judgment is affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal was made a supersedeas.