## Commonwealth v. Dalton

*N. H. Larzelere, 2nd,* for Commonwealth.

*John E. Flynn* and *George L. Arnhold,* for defendant.

DANNEHOWER, J., March 6, 1950.—Defendant, William F. Dalton, was indicted, tried and convicted by a jury of operating a motor vehicle while under the influence of intoxicating liquors, an offense defined in The Vehicle Code of May 1, 1929, P. L. 905, art. VI, sec. 620 (*f*), as last amended by the Act of June 27, 1939, P. L. 1135, sec. 11, 75 PS §231.

He has filed a motion for a new trial, alleging the usual reasons, and also earnestly contending that the trial judge erred in admitting in evidence the testimony of two police officers and another witness who heard defendant say that he was the operator of the Ford truck involved in the collision, since he was not warned or cautioned and his constitutional rights were violated.

A fair statement of the evidence discloses that on Friday night, September 30, 1949, at about 11 o'clock, a Ford delivery truck owned by the Ruzicka Nurseries, collided with a Kaiser sedan belonging to Daniel Pastorino, which was parked completely off the traveled portion of Station Avenue, in Springfield Township, in front of the owner's home. Immediately after the collision, Mr. and Mrs. Pastorino and three police officers arrived on the scene. The damage to the Kaiser sedan was about $300. Defendant was later examined by a doctor and pronounced under the influence of intoxicating liquor, and Mr. and Mrs. Pastorino and the policemen were also of that opinion.

Mrs. Pastorino testified that when she ran out her front door she saw defendant getting out of the truck from the driver's side. "I asked him for his license and I was real close to him. I asked him if he was driving a car and he said yes, and he didn't have no license. Then I seen he was intoxicated, the way he was and I moved backward and I waited until my husband came."

Officer Bowan testified, "Inasmuch as I was the first officer on the scene, I questioned the defendant as to whether or not he was the operator of the truck in question and he stated he was. What was wrong? I said, 'You just had an automobile accident'. He said that he would fix it up, that it wasn't necessary and that he wanted to try to move the truck again. I told him that he couldn't operate and I placed him in the custody of another police officer who was with me. I looked into the truck—there is no seat in the passenger side, but directly behind where a passenger seat would be, there was a box and on the box was a passenger who had sustained a laceration on the head." This passenger was taken to the hospital.

Lieutenant Jellison testified: "The doctor examined him and during the conversation I asked Mr. Dalton who was the operator of the car, and he stated that he was. I said: 'Now you want to be sure, you are sure it wasn't the other passenger,' and he stated that he was the foreman of the Ruzicka rose grower greenhouses, that he was taking the other man home, and he was the operator of the truck. He was pronounced under the influence of intoxicating liquor by Dr. Ramsey."

To all of this testimony defendant's counsel objected and asked that it be stricken from the record on the ground that defendant was not warned as to his constitutional rights about answering. The trial judge overruled the objection and denied the motion, and defendant contends this is error.

Generally speaking, it would be silly to require a police officer or other person before asking another if he were the driver of an automobile, to warn and caution that person of their constitutional rights. To inquire of a person if he or she was the operator of an automobile is not a confession as to this offense, because a confession is an acknowledgment by accused of his guilt of the crime charged; a confession is not the equivalent of a mere admission. An admission is an avowal or acknowledgment of a fact or of circumstances from which guilt may be inferred. An admission admits only some part or element of the crime but not the guilt, and leaves the rest including guilty participation, to be proved by other evidence. To operate an automobile is a lawful act, but to operate it while under the influence of intoxicating liquor is unlawful.

A voluntary confession is not rendered inadmissible because it was made without the accused having been cautioned or warned that it might be used against him, or because he was not advised of his constitutional or legal rights, such as his right to remain silent, or his right to consult counsel or the effect of his confession and the magnitude of the crime with which he is charged. It is not the duty of the law-enforcement officers, in the absence of statute, to caution a prisoner as to the consequences of making a statement, if the statement is voluntary, but merely to refrain from *inducing* him to make a statement. Undoubtedly, however, the better and safer course for an officer to pursue, when a prisoner is about to make a statement, is to warn him that it may be used against him.

"No matter what other jurisdictions may have decided, there is no rule of law in Pennsylvania which says that declarations in the nature of confessions, made under circumstances such as here shown, may not be tendered in evidence without first proving that the prisoner before making his declarations, had been

formally cautioned and put on his guard, yet this is the rule contended for by appellant": Commonwealth v. Dilsworth, 289 Pa. 498, 505.

There certainly was no error in admitting defendant's admissions to the police officers, even though defendant was in custody, and especially to the wife of the owner of the car. Moreover, "a conviction of operating a motor vehicle . . . while under the influence of intoxicating liquor may be supported by circumstantial evidence alone, without proof by eye-witnesses that the accused operated the vehicle": Commonwealth v. Marks, 164 Pa. Superior Ct. 280 (syllabus).

Furthermore, after the trial judge had overruled defendant's objections to this testimony and also the demurrer, defendant took the witness stand and testified that he was the operator of his employer's truck at the time of the collision, that he misjudged the distance and collided with the parked car, and that he was not under the influence of intoxicating liquor, since he had only three bottles of beer to drink that evening.

Therefore, since Mrs. Pastorino, two police officers and defendant, himself, testified that defendant was operating the car at the time of the collision, the important issue of fact was, whether defendant was intoxicated when he operated. Mr. and Mrs. Pastorino, three police officers and a doctor testified that he was, and defendant maintained he was not. His fellow employe, who was riding in the truck as a passenger and was injured, was not produced as a witness by defendant.

The case was submitted to the jury in a charge to which no complaint has been made and the verdict was fully warranted by the evidence. There was no error.

And now, March 6, 1950, for the foregoing reasons, the motion for a new trial is overruled and refused, and defendant is directed to appear in Courtroom C on Friday, March 17, 1950, at 10 a. m. for sentence.