Commonwealth *v.* Cooney, Appellant.

Submitted April 19, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY, and BARBIERI, JJ.

*R. Barclay Surrick,* Assistant Public Defender, for appellant.

*Vram Nedurian, Jr.,* Assistant District Attorney, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, October 12, 1971:

Appellant was arrested in connection with the shooting death of Sylvia Jackson, who was living with

appellant. In April of 1967, appellant, while represented by counsel, was tried for murder and voluntary manslaughter. Appellant attempted to prove that the killing was accidental or that Sylvia, after wounding him, committed suicide. Appellant testified at his trial that Sylvia was pointing a gun at him, and when he tried to take it away from her it went off and he was shot in the head, and that he did not remember anything until he woke up in the police station. The jury found appellant guilty of voluntary manslaughter. Motions for a new trial and in arrest of judgment were, after argument, denied. Appellant was sentenced to a term of not less than four nor more than eight years' imprisonment. Appellant appealed the judgment of sentence to our Court, and we affirmed: *Commonwealth v. Cooney*, 431 Pa. 153, 244 A. 2d 651.

On November 12, 1968, appellant filed a petition under the Post Conviction Hearing Act.* Counsel was appointed to represent him, and two hearings were held. The P.C.H.A. petition was dismissed, and from that Order the present appeal was taken.

Appellant's principal contention in this appeal is that the existence of *after-discovered evidence*** necessitated the grant of a new trial. In *Commonwealth v. Swanson*, 432 Pa. 293, 248 A. 2d 12, we reiterated the general principles with respect to after-discovered evidence (pages 296-297): "In Commonwealth v. Schuck, 401 Pa. 222, 164 A. 2d 13, the Court said (page 229): 'In order to justify the grant of a new trial on the basis of after-discovered evidence, the evidence must have been discovered after the trial and must be such that it could not have been obtained at the trial by reasonable diligence, must not be cumulative or mere-

---

* Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180.1 et seq. (Supp. 1970).

** This evidence was discovered after this Court's prior affirmance of the judgment of sentence.

ly impeach credibility, and must be such as would likely compel a different result: Hagopian v. Eskandarian, 396 Pa. 401, 407, 408, 153 A. 2d 897 (1959); Commonwealth v. Clanton, 395 Pa. 521, 526, 151 A. 2d 88 (1959); Commonwealth v. Green, 358 Pa. 192, 199, 56 A. 2d 95 (1948).'" See also *Commonwealth v. Mount*, 435 Pa. 419, 257 A. 2d 578; *Commonwealth v. Alston*, 430 Pa. 471, 243 A. 2d 404.

Appellant's theory of the shooting was, we repeat, that the shooting was accidental or that the victim committed suicide after shooting him. In order to substantiate his defenses, appellant attempted to prove that he had suffered a gunshot wound of the head while attempting to take the gun away from the victim. At the trial, Dr. Gus Peter Kratsa, a Commonwealth witness, testified that shortly after the shooting he had examined and treated appellant at the hospital. Dr. Kratsa stated that he found two scalp injuries, one of which was a puncture wound. Dr. Kratsa further testified that the scalp injuries could have been caused by various things. Dr. Kratsa did not testify that the wound was positively a gunshot wound or that the bullet was still lodged in appellant's head, but on cross-examination he admitted that the wound was consistent with a gunshot wound and that he had entertained the possibility that appellant suffered a gunshot wound of the head. After appellant was convicted and incarcerated, his head wound opened up. According to the testimony given by the appellant at the post-conviction hearing, the prison doctor examined the wound and, aided by X-rays, *discovered that a bullet was lodged in appellant's head.* Appellant now contends that the discovery of the bullet was sufficient after-discovered evidence to warrant a new trial.

The lower Court held that the evidence of the bullet lodged in appellant's head served merely to corroborate the trial testimony of Dr. Kratsa. Additionally, the

lower Court held that the evidence of the bullet was not of the nature and character which would result in a different verdict if a new trial was granted. We cannot agree.

Our scope of review of the lower Court's refusal to grant a new trial on the basis of after-discovered evidence is whether the Court committed an abuse of discretion or an error of law which controlled the outcome of the case. *Commonwealth v. Swanson,* 432 Pa. supra; *Commonwealth v. Coyle,* 415 Pa. 379, 203 A. 2d 782; *Commonwealth v. Green,* 396 Pa. 137, 151 A. 2d 241; *Commonwealth v. Gates,* 392 Pa. 557, 141 A. 2d 219.

We find that the lower Court abused its discretion in failing to grant appellant a new trial on the basis of the above-mentioned after-discovered evidence. Dr. Kratsa testified merely that the head wound was possibly a gunshot wound and that the wound could have been caused by various other things. The actual existence of a bullet in appellant's head eliminates all of these other possibilities as the causative factor of the head wound. Furthermore, we believe that the lower Court erred when it concluded that the existence of the bullet in appellant's head would not likely result in a different verdict. The existence of the bullet serves to support and confirm the testimony given by appellant and makes his theory of the crime much more believable. It is possible that a new trial would result in another conviction, but we believe that it is very likely that a different verdict would result.

For these reasons, we hold that the lower Court abused its discretion in denying appellant's motion for a new trial.

Order reversed, and case remanded for a new trial.