J-S62021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JASON W. BEATTY | |
| Appellant | No. 429 WDA 2015 |

Appeal from the Judgment of Sentence September 22, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0016297-2013

BEFORE:  GANTMAN, P.J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED OCTOBER 16, 2015**

Following a bench trial, the trial court found Jason Beatty guilty of driving under the influence of a high rate of alcohol[1] and careless driving.[2] The court sentenced Beatty to 90 days of intermediate punishment plus one year of concurrent probation.[3]

In this direct appeal, Beatty raises two issues:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(b) (driving while alcohol concentration in the individual's blood or breath is at least .10% but less than .16%).

[2] 75 Pa.C.S. § 3714.

[3] The court did not impose further penalty on the other convictions.  Beatty filed a timely post-sentence motion challenging the weight of the evidence, which the trial court denied, and a timely notice of appeal.  Both Beatty and the trial court complied with Pa.R.A.P. 1925.

1. Whether the evidence was insufficient to sustain Beatty's DUI and careless driving convictions as the Commonwealth did not prove, beyond a reasonable doubt, that he drove the vehicle?

2. Were the verdicts of guilt against the weight of the evidence because the trial court ignored overwhelming evidence that [] Beatty was not driving the car?

Brief of Appellant, at 5. We affirm.

Beatty first challenges the sufficiency of the evidence. Our standard of review for such challenges is well-settled:

> [W]hether[,] viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth as the] verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 716 (Pa.Super.2015).

The following evidence was adduced during trial: in the early morning hours of May 29, 2013, Officer Eric Lakin, a 24 year veteran of the North Versailles Township Police Department, responded to a report of an automobile accident on Penn Avenue. N.T., 9/22/14, at 5-6. At the scene, Officer Lakin observed that a Pontiac G6 had struck a pickup truck. *Id*. at 6, 9-10. A female, Amanda Delsignore, was present, and Officer Lakin described her as "hysterical" and "frantic." *Id*. at 6, 8. Beatty was lying on

his back in a field across the street from the collision scene, lapsing in and out of consciousness and "slightly combative". *Id*. at 6-7, 18. When Officer Lakin asked if he had been involved in an accident, Beatty denied being an occupant of the vehicle. *Id*. at 7, 18. There was a laceration on the left side of Beatty's head near his eye, and blood from the laceration ran down his face. *Id*. at 7. Officer Lakin detected a strong odor of alcohol on Beatty's breath. *Id*. at 8.

A paramedic crew arrived and immobilized Beatty. *Id*. Officer Lakin spoke with Delsignore, who was upset and crying, and she stated that "she was the passenger in the vehicle and [Beatty] was the driver, [and] that they had been proceeding up Penn Avenue, having an argument" prior to the accident. N.T., 9/22/14, at 9. Delsignore also told Officer Volker, who arrived after Officer Lakin, that Beatty was the driver of the vehicle and she was the passenger. *Id*. at 24-25, 26.

The Pontiac had struck the parked pickup truck head on. N.T., 9/22/14, at 9. After the impact, the Pontiac spun around and ended up parallel with and up against the pickup truck. *Id*. at 9, 15, 16. Officer Lakin noted that the Pontiac's driver's side door contained blood smearing, and the pickup truck had blood smearing on it as well. *Id*. at 9-10. Officer Lakin testified that "the blood smear would be consistent with the driver of the vehicle sustaining injury, as there [were] no other injuries to Delsignore that were visible to me at the time." *Id*. at 10. Delsignore "stated that she was

not injured." *Id*. at 13. Nor was Delsignore bleeding; the only source of blood was from Beatty. *Id*. at 22. There was no damage to the passenger side of the Pontiac. *Id*. at 15. The driver's side window of the Pontiac "had been shattered out" by the "secondary side impact" with the pickup truck. *Id*. at 16. The blood smears on the inside of the driver's side front door of the Pontiac were just below where the window would have been had it not shattered. *Id*. at 16, 22. The blood smears on the door of the pickup truck were right next to the driver's side of the Pontiac. *Id*. at 16, 22. Because the driver's side of the Pontiac was pinned against the pickup truck, nobody could have exited the driver's side of the Pontiac; the only way to exit was the passenger side. *Id*. at 17, 22. Delsignore told Officer Lakin that she had helped extricate Beatty from the vehicle.

Paramedics transported Beatty to the hospital, where a blood draw revealed that his blood alcohol content was .110%. N.T., 9/22/14, at 12.

Delsignore testified that she went to the hospital after the accident, and that her mother was also at the hospital, speaking with Officer Lakin on the phone. N.T., 9/22/14, at 31, 36. Officer Lakin told Delsignore's mother that Delsignore had said at the accident scene that Beatty was driving the car. *Id*. Delsignore's mother relayed this information to Delsignore, and Delsignore stated that she was the driver. *Id*. Delsignore insisted at trial that she struck the pickup truck, and the impact threw Beatty from the passenger seat to the driver's side, where his head struck the driver's side

window. *Id*. at 28-29, 35. She claimed that neither she nor Beatty were wearing seatbelts before the accident, and after the collision, she crawled over Beatty and pulled him out of the car. *Id*. at 29, 33. Beatty is 6'1" or 6'2", while Delsignore is only 5'6". *Id*. at 33.

75 Pa.C.S. § 3802(b) provides:

An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

The term "operate"

necessitates evidence of actual, physical control of either the machinery of the motor vehicle or the management of the vehicle's movement, but does not require evidence that the vehicle was in motion. *Commonwealth v. Johnson*, 833 A.2d 260, 263 (Pa.Super.2003). Under Pennsylvania law, an eyewitness is not required to establish one was driving, operating, or in actual physical control of a motor vehicle, but, rather, the Commonwealth may establish the same through wholly circumstantial evidence. *Id*. 'Our precedent indicates that a combination of the following factors is required in determining whether a person had 'actual physical control' of an automobile: the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle.' *Commonwealth v. Brotherson*, 888 A.2d 901, 904 (Pa.Super.2005) (citing *Commonwealth v. Woodruff*, [] 668 A.2d 1158, 1161 ([Pa.Super.]1995)). In addition, when the location of the vehicle supports an inference that it was driven, this inference will serve as a key factor in a finding of actual control; conversely, where the location of a vehicle supports an inference that it was not driven, this Court has rejected the inference of actual control. *Brotherson*, 888 A.2d at 905. In *Brotherson*, we determined that "[t]he highly inappropriate location of the car—on the basketball court of a gated children's

- 5 -

playground—created a strong inference that it was an already intoxicated [a]ppellant who had driven the car to that spot." *Id.*

*Commonwealth v. Young*, 904 A.2d 947, 954 (Pa.Super.2006).

Although Beatty does not dispute that his blood alcohol content was over .10%, he argues that the evidence was insufficient to prove that he was driving the Pontiac. Viewed in the light most favorable to the Commonwealth, the evidence was sufficient to establish beyond a reasonable doubt that Beatty drove the Pontiac. Delsignore admitted to two police officers at the accident scene that Beatty was the driver and she was the passenger, and the crash occurred because they were having an argument. The physical evidence also proves that Beatty was the driver. The blood smears on the vehicles were found only to the left of the driver's seat of the Pontiac -- specifically, on the door panel underneath the shattered glass of the driver's side window and on the pickup truck against the Pontiac. Thus, the blood came from an injury to the driver. Only Beatty lost any blood and showed any sign of injury. Delsignore, on the contrary, was not bleeding and had no visible injury. The injury on the left side of Beatty's head correlated with the locations of the blood smears on the driver's side door and pickup truck. Delsignore's testimony that she was the driver is of no moment, because once again, we must view the evidence in

the light most favorable to the Commonwealth. Therefore, Beatty's challenge to the sufficiency of the evidence is devoid of merit.[4]

In his next argument, Beatty contends that the verdict was against the weight of the evidence. The law pertaining to weight of the evidence claims is well-settled. The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. *Commonwealth v. Forbes*, 867 A.2d 1268, 1273–74 (Pa.Super.2005). A new trial is not warranted because of "a mere conflict in the testimony" and must have a stronger foundation than a reassessment of the credibility of witnesses. *Commonwealth v. Bruce*, 916 A.2d 657, 665 (Pa.Super.2007). Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. *Id.* On appeal, "our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's

_____

[4] In support of his challenge to the sufficiency of the evidence, Beatty cites *Commonwealth v. Johnson*, 312 A.2d 430 (Pa.Super.1973), in which a plurality of this Court held that the circumstantial evidence submitted by the Commonwealth was not sufficient to sustain drunk driving conviction. As a plurality opinion, *Johnson* is not binding precedent. *See Commonwealth v. Bethea*, 828 A.2d 1066, 1073 (Pa.2003) (reasoning in plurality opinion does not carry precedential weight).

- 7 -

exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence." **Commonwealth v. Knox**, 50 A.3d 732, 738 (Pa.Super.2012). An appellate court may not reverse a verdict unless it is so contrary to the evidence as to shock one's sense of justice. **Forbes**, 867 A.2d at 1273–74.

The trial court acted within its discretion in finding that Beatty was the driver of the Pontiac. The physical evidence summarized above refutes Delsignore's trial testimony that she drove the Pontiac. Moreover, the trial court, as factfinder, was free to believe Officer Lakin's testimony that Delsignore admitted at the accident scene that Beatty was the driver.

For these reasons, we affirm Beatty's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/2015