J-E02004-22

2023 PA Super 80

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DEREK MURCHISON | : | |
| | : | |
| Appellant | : | No. 3585 EDA 2019 |

Appeal from the PCRA Order Entered November 27, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0913011-2002

BEFORE: PANELLA, P.J., OLSON, J., DUBOW, J., KUNSELMAN, J., NICHOLS, J., MURRAY, J., McLAUGHLIN, J., McCAFFERY, J., and SULLIVAN, J.

DISSENTING OPINION BY NICHOLS, J.:         **FILED MAY 10, 2023**

I disagree with the Majority's decision to affirm the PCRA court's order denying relief on Appellant's PCRA petition. Further, I agree with the Dissent that the PCRA court applied the incorrect standard when evaluating the substantive merits of Appellant's after-discovered evidence claim. However, I disagree with the Dissent that Appellant is entitled to a new trial at this juncture. Therefore, I write separately and conclude that the proper remedy is to vacate the PCRA court's order and remand for the PCRA court to evaluate Appellant's after-discovered evidence claim under the proper legal standard.

I agree with the Dissent that the PCRA court erroneously relied on **Commonwealth v. Brooks**, 875 A.2d 1141 (Pa. Super. 2005) and **Commonwealth v. Heilman**, 867 A.2d 542 (Pa. Super. 2005) for the proposition that a petitioner cannot prove actual innocence solely based on

the absence of DNA evidence. **See** Dissenting Op. at 14-15. Because both **Brooks** and **Heilman** involved requests for post-conviction DNA testing pursuant to 42 Pa.C.S. § 9543.1(c), and did not address substantive claims of after-discovered evidence under 42 Pa.C.S. § 9543(a)(2)(vi). **See id.** at 15-16, 15 n.5.

Indeed, Section 9543(a)(2)(vi) does not require proof of actual innocence. As the Dissent explains, "a petitioner need only establish by a preponderance of the evidence that the exculpatory after-discovered evidence would have changed the outcome of the trial if it had been introduced." **Id.** at 13 (citation omitted and formatting altered); **see also Commonwealth v. Tedford**, 228 A.3d 891, 911 (Pa. 2020). Further, a petitioner may be entitled to relief under this subsection "even when the record contains other evidence that supports a conviction and even where it is possible that a second trial will result in re-conviction." Dissenting Op. at 13 (citing **Commonwealth v. Payne**, 210 A.3d 299, 304-05 (Pa. Super. 2019) (*en banc*)) (quotation marks omitted); **see also Commonwealth v. Cooney**, 282 A.2d 29, 31 (Pa. 1971).

Accordingly, I agree with the Dissent that the PCRA court erred in rejecting Appellant's substantive after-discovered evidence claim based on its conclusion that the DNA evidence did not establish Appellant's actual innocence.

However, to the extent the Dissent concludes that Appellant is entitled to a new trial, I respectfully disagree. **See** Dissenting Op., at 8-11, 15-16. Because the PCRA court has not yet evaluated Appellant's after-discovered

evidence claim under the correct standard, ordering a new trial at this juncture is premature. Given the manner in which the PCRA court decided the issue, there are no facts of record from which we can independently determine whether Appellant is entitled to relief on his after-discovered evidence claim. Therefore, this Court should remand the matter for the PCRA court to review Appellant's after-discovered evidence claim in accordance with the correct standard. *See, e.g.*, *Commonwealth v. Weiss*, 986 A.2d 808, 815-16 (Pa. 2009) (concluding that the PCRA court erred in granting relief on the petitioner's *Brady*[1] claim without addressing whether the prosecution's failure to disclose evidence "undermined confidence in the outcome of [the petitioner's] trial, such as would have created a reasonable probability of a different result" and remanding for the PCRA court to review "all the evidence presented at trial, . . . for the potential negative effect disclosure of the alleged impeachment evidence would have had thereon" (citation omitted)); *Commonwealth v. Sullivan*, 820 A.2d 795, 806-07 (Pa. Super. 2003) (vacating and remanding for the trial court to evaluate the defendant's weight-of-the-evidence claim under the correct legal standard where record evidenced that the trial court erroneously "blended the standards of review applicable to" weight of the evidence and sufficiency of the evidence claims).

For these reasons, I respectfully dissent from the Majority, but disagree with the Dissent that a new trial should be ordered. Based on the

---

[1] *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

circumstances of this case, I would vacate the PCRA court's order and remand for the PCRA court to evaluate Appellant's after-discovered evidence claim under the proper legal standard.