STATE *v.* HAROLD E. AMERO.

Argued January 5, 1965.
Decided February 26, 1965.

*William Maynard,* Attorney General and *Irma A. Matthews,* Attorney (*Mrs. Matthews* orally), for the State.

*James A. Connor* (by brief and orally), for the defendant.

WHEELER, J. The defendant was charged by three indictments with (1) breaking and entering in the nighttime on February 15, 1963 the junior high school in Rochester and stealing two

RCA 23-inch table model television sets, (2) breaking and entering in the nighttime on February 8, 1963 the N. H. Public Works and Highway Department garage situated on routes 4 and 9 in Barrington and stealing two scuba-diving suits with accessories which included an air compressor and (3) breaking and entering in the nighttime on January 20, 1963 the junior high school in Rochester and stealing a Corona portable typewriter.

The State's evidence tended to establish the following facts:

On January 20, 1963 a portable typewriter was stolen from the Rochester junior high school. Later on February 8, 1963 forced entry was made into the garage of the N. H. Public Works and Highways Department at Barrington and scuba-diving equipment with accessories including an air compressor was stolen. Thereafter on February 15, 1963 two television sets were stolen from the junior high school in Rochester.

One Joseph Natola, operator of a secondhand store in Lynn, Massachusetts testified that during the first part of February 1963 he was contacted by one Gene Herbert (who is described in both briefs as a co-defendant with Amero) about the purchase of some silver coins. Later Amero appeared and sold Natola a typewriter for $15 which was later identified as the one stolen from the Rochester junior high school. Thereafter Amero sold him two television sets for $50 which Natola paid for by check post-dated at Amero's request. Amero was alone at the sale of the first set and with Herbert when the second one was sold. The defendant also offered to sell Natola some diving outfits. Herbert and Amero appeared together at his store at least twice and Amero came alone on three different occasions.

During the early part of February 1963 Amero and Herbert sold an air compressor to a painting contractor in Rochester for which he paid $50 with a check made out to Herbert.

During January and February 1963 Herbert was living with his sister in Rochester. Amero came to her home nearly every day during that time to see Herbert and sometimes at night. Amero had a car but Herbert did not.

After Amero and Herbert were apprehended an inspector of the Rochester police department talked with Herbert who admitted he broke into the Rochester junior high school and took two television sets and into the State Highway Garage in Barrington and stole the diving suits but denied stealing the typewriter on January 20, 1963.

Later at Amero's request the inspector discussed the case with Amero. Amero stated that Herbert had done the breaking and entering and had stolen the various articles. Herbert was brought in and Amero repeated the same statement. Herbert shook his fist at Amero and stated "If that's the way you want to play it, that's the way I'll play it."

The principal contention of the defendant is that the State failed to prove all material elements of the offense beyond a reasonable doubt. In support of this contention the defendant argues that the State introduced no direct evidence of breaking and entering and stealing at or about the time of the alleged offense and that the guilt of the defendant was established by circumstantial evidence which was insufficient to support the verdicts of guilty.

It is not disputed that circumstantial evidence may be sufficient for a jury to find a defendant guilty beyond a reasonable doubt. *State* v. *White*, 91 N. H. 109, 113; *State* v. *Ellard*, 95 N. H. 217. Neither the lack of an eyewitness nor the absence of a confession is fatal to the State's case where other evidence establishes the defendant's guilt beyond reasonable doubt. *State* v. *Thorp*, 86 N. H. 501; *State* v. *Burley*, 95 N. H. 77.

Defendant Amero visited Herbert's residence nearly every day and sometimes at night during January and February 1963. Amero had a car and Herbert did not. They were together at times when some of the stolen property was sold to the second-hand dealer in Lynn for which Amero received the money, in part at his suggestion with a check dated ahead. They sold the diving compressor in Rochester.

While possession of property recently stolen raises no legal presumption of guilt, its unexplained possession is evidence which the jury may consider in deciding whether the property was stolen by the defendant. *State* v. *Hodge*, 50 N. H. 510, 526; *State* v. *Fogg*, 92 N. H. 308, 310; *State* v. *Gobin*, 96 N. H. 220, 222.

The State produced evidence that (1) at the time and in the locality where these burglaries were committed, the defendant was closely associated nearly every day and sometimes at night with a co-defendant, Herbert, who confessed to these crimes; (2) Herbert had no car with which to transport the bulky articles stolen while the defendant owned an automobile; (3) both the defendant and the co-defendant were together when some of the

stolen articles were sold at a considerable distance from where they were stolen; (4) the defendant received cash and checks for the sale price of some of the stolen items which he admitted transporting to the place of sale. This evidence was sufficient to warrant a verdict that the defendant was guilty as charged. *State* v. *Gobin, supra.*

Lastly the defendant contends that it was error to admit the extra-judicial admissions of Herbert to a police officer since they were prejudicial to the defendant and were not corroborated by substantial independent proof.

Herbert admitted to a police inspector that he broke and entered the junior high school on February 15, 1963 and the highway garage in Barrington and stole the various articles. He denied taking anything from the junior high school on January 20, 1963. During the course of this interview no mention was made of Amero's name or any reference to another party being implicated. Later at Amero's request the police inspector discussed the case with him. He stated in substance that Herbert was responsible for the breaking and entering and disposing of the stolen property. Herbert was brought in and Amero repeated his statement. Herbert shook his fist at Amero and stated, "If that's the way you want to play it, that's the way I'll play it." Unlike *State* v. *Clapp*, 94 N. H. 62, 64, Herbert's statement to the police did not implicate Amero but instead placed the blame solely on himself. We find no prejudicial error in the admission of his statement.

*Exceptions overruled.*

All concurred.