Keene District Court,
No. 5935.

STATE *v.* WILLIAM B. COSTELLO.

March 31, 1970.

*George S. Pappagianis,* Attorney General, and *Norman E. D'Amours,* Assistant Attorney General (*Mr. D'Amours* orally), for the State.

*Olson, Reynolds & McMahon* (*Mr. Lewis A. McMahon* orally), for the defendant.

LAMPRON, J. Complaint charging that the defendant operated a motor vehicle on Route 101 in Keene while under the influence of intoxicating liquor in violation of RSA 262-A:62. Upon trial, the district court (*Davis,* J.) found the following facts:

"On January 11, 1969, at approximately 12:40 A.M., Police Officer Hugh McClellan, on cruiser patrol, went to Route 101, in Keene . . . where he found an auto parked on the side of the road against a snow bank with the wheels on the paved surface; motor and heater running; and lights on low beam. He observed the Defendant in the front seat of the automobile with his 'bottom' in the driver's seat and his head on the passenger seat. The officer, wondering if Defendant was having trouble, knocked on the window, and then banged the door. Getting no response the officer opened the door and shook awake the Defendant who had been sound asleep. The Defendant stated to the officer that he had gotten tired and pulled over to the side of the road to rest. The officer smelled an alcoholic beverage on the breath of the Defendant and arrested him for driving under the influence. The officer did not see the Defendant driving and did not know how long the Defendant had been parked at the side of the road.

"The Defendant was brought to the police station and Dr. Carl Bridge examined him for alcohol influence. In the opinion of the doctor the Defendant was slight to moderately under the influence of alcohol. The blood test was submitted by agreement and the

alcoholic content reported was 0.17. The Defendant stated to the doctor that he had had four hours sleep the night before and none during the day.

"At the end of the State's case the Defendant moved to dismiss the complaint on the ground that this fact situation did not constitute 'operating or attempting to operate' under the provisions of RSA 262A:62. The Defendant offered no evidence on his own behalf."

All questions of law and issues arising out of the motion to dismiss were reserved and transferred, without ruling, to this court under the provisions of RSA 502-A:17-a.

To support a conviction that the defendant violated RSA 262-A:62, the State must prove beyond a reasonable doubt that the defendant operated or attempted to operate a motor vehicle upon a public way in this state while under the influence of intoxicating liquor. *State* v. *Cardin,* 102 N. H. 314, 316, 156 A.2d 118, 119; *State* v. *Davis,* 108 N. H. 45, 226 A.2d 873; *State* v. *Slater,* 109 N. H. 279, 249 A.2d 692. For the purposes of this transfer, there is no issue as to whether the defendant was on a public highway or under the influence of intoxicating liquor.

Direct evidence that the defendant was observed in the act of operating the motor vehicle is not an indispensable requisite to prove his operation. *State* v. *Davis, supra,* 50; *People* v. *Schulewitz,* 87 Ill. App. 2d 331, 337, 231 N. E. 2d 678, 680. Circumstantial evidence which establishes to a reasonable and moral certainty so as to exclude any other rational conclusion that the defendant was operating the automobile is sufficient to establish that he was the operator. *State* v. *Amero,* 106 N. H. 134, 136, 207 A.2d 440, 442; *State* v. *Hutton,* 108 N. H. 279, 289, 235 A.2d 117; IX Wigmore, Evidence ( 3rd ed. ), *s.* 2497.

No claim is made that the evidence did not warrant the following findings of fact made by the district court. A police cruiser on patrol found an auto parked on the side of Route 101 in Keene at about 12:40 A. M. on January 11, 1969. Its wheels were on the paved surface, the motor and heater were running and the lights were on low beam. The defendant was sound asleep in the front seat with his "bottom" in the driver's seat and his head on the passenger seat. The record before us shows no evidence of the presence of any other person in or in the vicinity of the car or of how the car arrived at that location.

We hold that the above findings made by the court and the

absence of evidence which would explain how the car reached that location other than by virtue of defendant's operation of it warranted a finding and ruling by the district court that the State had proved beyond a reasonable doubt that the defendant drove or operated the car. *State* v. *Davis,* 108 N. H. 45, 226 A.2d 873; *State* v. *Englehart,* 158 Conn. 117, 256 A.2d 231; *Taylor* v. *United States,* 259 A. 2d 835 ( D.C.C.A., 1969 ); *People* v. *Schulewitz,* 87 Ill. App. 2d 331, 231 N. E. 2d 678; *People* v. *Mundorf,* 97 Ill. App. 2d 130, 239 N. E. 2d 690; *Prudhomme* v. *Hults,* 278 N. Y. S. 2d 67, *Cf. City* of *Mentor* v. *Giordano,* 9 Ohio St. 2d 140, 224 N. E. 2d 343.

*Remanded.*

GRIMES, J., dissented; the others concurred.

GRIMES, J., *dissenting:* I cannot conclude, as the Court does, that the district court has certified this case to us in advance of ruling to ask if it can find on the evidence that the defendant op - erated the car to the place where he was found by the policeman. Not only did the defendant tell both the policeman and the doctor that he had, but under fairly elementary law which the Court doubtless knew, it could be so found from the circumstantial evidence. This I am sure was not the problem. The district court without doubt also knew that it could find that the defendant's condition at the time he drove the car to that location was such as to make his operation in violation of RSA 262-A:62 only by indulging in sheer speculation.

Since the State is contending here that the defendant was "op - erating or attempting to operate "the car when he was found ( which was close enough to the time of the blood test to permit a finding that he was under the influence within the meaning of RSA 262- A:62 ) it seems clear to me that it was making the same conten - tion before the district court and that this was the issue raised by the defendant's motion.

The basis of the motion was "that this fact situation did not constitute 'operating or attempting to operate ' under the provisions of RSA 262-A:62. " The "fact situation " referred to is the sit - uation in which defendant was found by the officer. Nothing is said about the sufficiency of the evidence to support a finding that he had driven the car to that location.

Of course the defendant was not "operating or attempting to

operate" the car when he was found. He had in fact deliberately stopped operating it and had purposely parked it as far off the road as he could, left his lights on for safety and left the motor and heater running for warmth. He hardly could be operating or attempting to operate the car while he was asleep. Since he could not be found to have been in violation of RSA 262-A:62 at the time he was found, ( *State* v. *Scanlon* ( decided this date ) ), the motion to dismiss should be granted.