Hillsborough,
No. 5926.

STATE *v.* DANIEL F. SCANLON.

. March 31, 1970.

*George S. Pappagianis,* Attorney General, *W. Michael Dunn,* Assistant Attorney General, and *James A. Connor,* County Attorney ( *Mr. Dunn* orally ), for the State.

*Alexander J. Kalinski* ( by brief and orally ), for the defendant.

DUNCAN, J. The defendant appealed to the Superior Court following conviction by the Manchester district court of the misdemeanor of operating a motor vehicle in Manchester on January 9, 1968, while under the influence of intoxicating liquor ( second offense ). RSA 262-A:62. A jury trial in the Superior Court resulted in a verdict of guilty.

At the commencement of the trial the defendant moved to suppress evidence of a blood test ( RSA 262-A:69-a ) and " all evidence by way of statements or observations " of the arresting officer, upon the ground that the arrest was unlawful because the alleged offense was not committed in the presence of the arresting officer and the arrest was made without a warrant. RSA 594:10 ( a ).

Following a hearing on the motion with the jury absent, the Trial Court ( *Leahy,* C. J. ) denied the motion, subject to the defendant's exception. The defendant's motion to set the verdict aside upon similar grounds was also denied subject to exception. Reserved and transferred by the Presiding Justice.

The evidence was that the arresting officer arrived at the scene to investigate a collision, and found the defendant seated in the driver's seat of an automobile which had collided with and was "impacted into" the rear of another vehicle by the curb. On the officer's arrival, the ignition of the vehicle in which the defendant was seated was on, so that the lights on the dashboard that "light up the generator and oil" were lighted, but the motor was not running. The officer turned off the ignition, and requested the defendant to leave the vehicle. He learned that the defendant was the operator of the vehicle and that there were no personal injuries. He asked to see the defendant's license and registration, and as a result of his actions and the odor of liquor, "placed him under arrest for drunk." The defendant was warned of his constitutional rights at the scene of the accident. Later, at the police station, he was arrested, also without a warrant, for operating while under the influence. RSA 262-A:62. A blood sample was then obtained pursuant to RSA 262-A:69-a.. No warrant for the defendant's arrest for the latter offense was issued until the following day.

It is the contention of the State that the arresting officer could be found to have had reasonable ground to believe that the offense of operating while under the influence of intoxicating liquor was committed in his presence, under the principle expressed in *Commonwealth* v. *Uski,* 263 Mass. 22, 24, 160 N. E. 305, 306 that a person operates a motor vehicle when he "intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of that vehicle." *See also, State* v. *Swift,* 125 Conn. 399, 6 A.2d 359; Annot., 47 A.L.R. 2d 570.

However, the uncontradicted evidence was that the motor of the vehicle in which the defendant was seated was inoperable "because of the extent of the damage to the front end . . . ." In these circumstances, we consider that it may not fairly be held that the defendant could be found to have operated the vehicle in the presence of the officer. *People* v. *Hoffman,* 53 Misc. 2d 1010, 280 N.Y.S. 2d 169. *State* v. *Storrs,* 105 Vt. 180, 163 A. 560,

cited by the State is not persuasive to the contrary, in view of the statutory provisions there involved.

While the arrest for drunkenness was lawful ( RSA 570:14; *State* v. *Teas,* 108 N. H. 485, 238 A.2d 737 ), the warrantless arrest for operating under the influence was not. RSA 594:10 ( a ); *State* v. *Davis,* 108 N. H. 45, 226 A.2d 873. The evidence which the defendant sought to have suppressed was the result of the blood test performed under the implied consent law upon a sample taken with the actual consent of the defendant. RSA 262-A:69-a. The operation of this statute is dependent upon the prior arrest of the accused for an " offense arising out of acts alleged to have been committed while [he] was driving . . . a motor vehicle while under the influence of intoxicating liquor. " *Id.* Since the defendant was not under lawful arrest for the offense in question when the blood sample was obtained, his motion to suppress the evidence relating to the test should have been granted.

Although questioning by the officer at the scene of the collision elicited a statement from the defendant that he was the operator of the vehicle, so far as the record discloses this was before any arrest was made, and while the officer was engaged in routine investigation of the accident. The circumstances were not shown to have been such as to require suppression of this evidence under the rule of *Miranda* v. *Arizona,* 384 U. S. 436. *See Jennings* v. *United States,* 391 F. 2d 512 ( 5th Cir. 1968 ); *Morgan* v. *State,* 2 Md. App. 440, 234 A.2d 762.

There was evidence apart from the blood test which could be found to warrant conviction. *See State* v. *Douglas,* 102 N. H. 525, 162 A.2d 159; *State* v. *Slater,* 109 N. H. 279, 249 A.2d 692. Hence the order is

*Defendant's exceptions sustained; new trial.*

All concurred.