Carroll
No. 6899

### State of New Hampshire v. Howard Allen

October 31, 1974

*Warren B. Rudman,* attorney general, and *Robert V. Johnson II,* assistant attorney general *(Mr. Johnson* orally), for the State.

*William P. Shea,* by brief and orally, for the defendant.

### Memorandum Opinion

Defendant was convicted of operating a motor vehicle while under the influence of intoxicating liquor (RSA 262-A:62 as amended) after trial by jury. Defendant's exception to the denial of his motion at the close of the State's case to dismiss the complaint for failure of the State to prove a prima facie case was denied and his exception was transferred by *Perkins,* J.

This criminal appeal is devoid of merit either as a matter of fact or as a matter of law. There was evidence that the defendant was observed in the driver's seat of his vehicle within five minutes after a resident on Main Street in Wolfeboro, who was watching television, heard a loud crash. The vehicle was in a ditch off Main Street. It had struck and broken a telephone pole, rendering the vehicle inoperable. Police officers who arrived shortly after the accident testified

as to the path of the defendant's vehicle from the road to the telephone pole to the ditch where it came to rest. There was also evidence the defendant was unsteady on his feet and his eyes were bloodshot and his voice was "slurred" and he had a strong odor of alcoholic beverage on his breath. The officers testified that the defendant "needed support in order to get across the street" when he was taken to the police station. "Direct evidence that the defendant was observed in the act of operating the motor vehicle is not an indispensable requisite to prove his operation." *State v. Costello,* 110 N.H. 182, 183, 263 A.2d 671, 672 (1970), and "[c]ircumstantial evidence may be utilized as proof of a crime, and eyewitnesses to the offense charged are not essential." *State v. Davis,* 108 N.H. 45, 50, 226 A.2d 873, 877 (1967); 15 D. Blashfield, Automobile Law and Practice § 491.25 n.18 (1969, 1974 Supp.); *see* 9 J. Wigmore, Evidence § 2497 (3d ed. 1940).

Any lingering doubt that the State presented a prima facie case at the close of its evidence becomes academic in this case. "It is unnecessary, however, to consider the situation merely as it existed at the close of the State's evidence, for the defendant did not elect to rely solely on his exception to the denial of his motion then made but proceeded to introduce evidence in his own behalf. By so doing he took the chance of supplying deficiencies in the State's case." *State v. Barry,* 93 N.H. 10, 12, 34 A.2d 661, 662 (1943). The following testimony by the defendant on cross-examination illustrates the point of the quotation above:

"Q. My question, Mr. Allen, is that you drove your car from your home to the scene of the accident?

"A. Nobody saw me driving that car.

"Q. I am asking you now, sir, did you drive that car from your home to the scene of the accident?

"A. I told you, yes, once. I said, yes, sir."

Additionally the reserved case indicates that the defendant stipulated "that the defendant admitted the operation of his vehicle at the time and place as alleged in the complaint."

Furthermore, during trial of the case defendant's counsel stated "that we are in no position to contest and have not contested the utilization of the breathalyzer." This test was taken about an hour after the accident and showed that the result of the test was .15.

*Exception overruled.*