## Commonwealth, Appellant, *v.* McCarthy.

Argued December 6, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, and SPAETH, JJ. (VAN DER VOORT, J., absent).

*Ralph B. D'Iorio,* Assistant District Attorney, with him *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellant.

*George S. Saulnier,* for appellee.

OPINION PER CURIAM, April 22, 1975:
The six Judges who heard this appeal being equally divided, the order of the court below is affirmed.

OPINION BY CERCONE, J., IN SUPPORT OF AFFIRMANCE:
The appellee, John McCarthy, was arrested and indicted for operating a motor vehicle while under the influ-

ence of intoxicating liquor.[1] Following the return of a true bill by the grand jury, appellee moved to quash the indictment and the transcript. Although the court initially denied this petition, upon further consideration, the court withdrew its first ruling and granted appellee's motion. From this decision the Commonwealth brings the instant appeal, in which the sole issue presented is whether the court erred in finding that appellee was not operating his automobile in the presence of the arresting officer.[2]

On November 10, 1973, John McCarthy was involved in a two car, rear-end collision on Chester Pike in Delaware County. Mr. McCarthy was the driver of the second car. Officer McNichol, who was in the vicinity of the accident, arrived at the scene shortly after the mishap. In fact, when Officer McNichol arrived Mr. McCarthy was still behind the wheel of his automobile, although its engine was not running. Officer McNichol leaned into McCarthy's automobile to ascertain the extent of his injuries, and summoned an ambulance after determining that McCarthy had a lacerated forehead. The officer noted

---

1. Act of April 29, 1959, P.L. 58, §1037, 75 P.S. §1037 (1971).

2. Ordinarily, if the defendant has not raised the question of the propriety of the arrest prior to his indictment, for the purposes of attacking the manner in which the proceedings have been initiated, that issue will be deemed to have been waived. See *Commonwealth v. Krall*, 452 Pa. 215 (1973). If the defendant is in custody he may begin the attack by a petition for a writ of habeas corpus, or he should raise the issue at the preliminary hearing. *Id.* However, in the instant case, the Commonwealth is the appellant and it has not raised, either in the court below or in this appeal, the question of whether the appellee has waived his "jurisdictional" objection. Especially in light of recent Supreme Court decisions treating the issue of failure to properly preserve an objection for appeal, and the fact that appellee. never had a preliminary hearing, for reasons wholly undiscernible from the record, we will not herein raise and decide the issue of waiver sua sponte. See *Commonwealth v. Clair*, 458 Pa. 418 (1974); *Commonwealth v. Reid*, 458 Pa. 357 (1974); *Commonwealth v. Coleman*, 458 Pa. 112 (1974).

that McCarthy smelled of alcohol, that his speech was slurred and that his eyes were bloodshot. The officer also subsequently determined that McCarthy was having obvious difficulty with his equilibrium. Nevertheless, no arrest was made at the scene of the accident. McCarthy was not formally placed under arrest by Officer McNichol until after a doctor attended to his wound and discharged him from the hospital.

Appellee successfully maintained below that because "drunken driving" is a misdemeanor under The Vehicle Code, and because a police officer may not make a warrantless arrest of an individual for a misdemeanor if he does not have probable cause to believe that it had been committed in his presence, appellee must be discharged. *Commonwealth v. Vassiljev*, 218 Pa. Superior Ct. 215 (1971). On the other hand, the Commonwealth contends that appellee's sitting behind the steering wheel of the car shortly after the occurrence of the accident created probable cause to believe that appellee was then operating the vehicle, so that the officer could conclude that the misdemeanor was in fact being committed in his presence. We disagree with the Commonwealth and will affirm.[3]

The Commonwealth refers us to *Commonwealth v. Kallus*, 212 Pa. Superior Ct. 504 (1968) and *Commonwealth v. Cherrington*, 50 D. & C. 2d 26 (1970) in support of their position. Both cases are readily distinguishable, however. In *Kallus*, the defendant was an intoxicated passenger in a vehicle which became engulfed in

---

3. It is expected that a recent amendment to the Act of April 29, 1959, P.L. 58, §1204, 75 P.S. §1204 (1971) will solve most of these problems in future cases. Section 1204 now provides, inter alia: "A peace officer may, upon view or upon probable cause without a warrant, arrest any person violating section 1037 of this act in cases causing or contributing to an accident." Purdon's Pa. Leg. Serv. No. 3 at p. 509 (1974). That act, effective as of July 30, 1974, does not apply in the instant case.

a snow bank. While the driver was out of the car seeking help to move the automobile, some people appeared at the scene and offered to push. The defendant then took the wheel, and with the others pushing, manipulated the gear shift and accelerator but succeeded only in spinning the wheels. At that point, a police officer came along and arrested the defendant for drunken driving. The obvious distinction in *Kallus* is that therein the officer witnessed the defendant's manipulation of the controls, which constituted operation of the vehicle despite the fact that the car did not move.

In *Cherrington,* State Troopers found the defendant slumped over the steering wheel of his car which was on the highway facing in the wrong direction. Although the engine was not running, the headlights were on. In finding the defendant guilty of operating a motor vehicle while intoxicated, the court did not confront the question of the legality of the arrest. The court in *Cherrington,* since it was determining the ultimate fact of guilt or innocence, was entitled to consider the inferences arising from the facts and circumstances. In other words the defendant in *Cherrington* could be found guilty if it could be reasonably inferred that he had been operating the vehicle while intoxicated prior to the officer's arrival on the scene. Hence, the defendant's being slumped over the wheel in *Cherrington* did not have to constitute "operation" per se, so long as it supported an inference that the defendant had operated the automobile.

Our recent decision in *Commonwealth v. Kloch,* 230 Pa. Superior Ct. 563 (1974) does not alter our conclusion. While *Kloch* is similar in that the defendant's conduct was purely passive (indeed, the defendant therein had reached the nadir of inebriation—unconsciousness), the dynamic element necessary to find operation of a vehicle was supplied by the fact that the engine was running and the lights were burning. No such element is present in the case under consideration.

In the instant case, in order to overrule the decision of the court below, we must determine that the mere fact of sitting behind the steering wheel of an automobile constituted operating the automobile despite the fact that the engine was not running and the appellee was not touching, much less manipulating, any of the controls.

"An automobile which temporarily cannot be operated by its own power may be a motor vehicle within the statute, but it is not being 'operated' or 'driven' when it remains stationary during the entire time and no one moves, or attempts to move it." 15 Blashfield, Automobile Law and Practice, § 490.87 (3rd ed. 1969). See also R. Erwin, Defense of Drunk Driving Cases § 1.01 [1] (3rd ed. 1974).

Thus, on facts strikingly similar to those in the instant case, the Supreme Court of New Hampshire held in *State v. Scanlon,* 263 A.2d 669 (N.H. 1970) that the police could not arrest a manifestly intoxicated person for drunken driving without a warrant if the defendant's only act committed in the officer's presence consisted of sitting behind the steering wheel. In so holding, the court cited and quoted *Commonwealth v. Uski,* 160 N.E. 305, 306 (Mass. 1928)· with approval, which provided that a person operates a motor vehicle when he "intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of that vehicle." See also 47 A.L.R.2d 570.

On the basis of these authorities, we conclude that the lower court did not err in finding that the fact of sitting in the driver's seat, without more, does not constitute operating a motor vehicle within the intendment of the statute.

HOFFMAN and SPAETH, JJ., join in this opinion.

———

OPINION BY JACOBS, J., IN SUPPORT OF REVERSAL:

The defendant in the court below filed a motion to quash his indictment because of his illegal arrest and a

petition to suppress all evidence obtained as a result of that illegal arrest. Both were granted. I agree that the defendant's arrest for drunken driving was illegal because the arresting officer did not have probable cause to believe that the misdemeanor had been committed in his presence. *Commonwealth v. Reeves*, 223 Pa. Superior Ct. 51, 297 A. 2d 142 (1972). I also agree with the lower court's order suppressing all evidence obtained as a result of the illegal arrest.

However, an illegal arrest or some other irregularity in the complaint or warrant does not require the quashing of an indictment of the defendant on the charges for which he was arrested and indicted. *Commonwealth v. Brennan*, 193 Pa. 567, 44 A. 498 (1899); *Commonwealth v. Manni*, 223 Pa. Superior Ct. 403, 302 A.2d 374 (1973); *Commonwealth v. Bruno*, 203 Pa. Superior Ct. 541, 201 A.2d 434, *allocatur refused*, 203 Pa. Superior Ct. *xxxiii* (1964), *cert. denied*, 379 U.S. 965 (1965); *Commonwealth v. Murawski*, 101 Pa. Superior Ct. 430 (1931). *See also Commonwealth v. Krall*, 452 Pa. 215, 304 A.2d 488 (1973). "It has long been the law in this and in other jurisdictions that 'the mere fact that the arrest of an accused person is unlawful is of itself no bar to a prosecution on a subsequent indictment . . ., by which the court acquires jurisdiction over the person of the defendant.' 41 Am. Jur. 2d, Indictments and Informations, §18, at 891 (1968)." *Commonwealth v. Krall*, supra at 219, 304 A.2d at 490. Accordingly, I would reverse that part of the lower court's order quashing the indictment.

WATKINS, P.J., joins in this opinion.

———

OPINION BY PRICE, J., IN SUPPORT OF REVERSAL:

I believe that this appeal is controlled by our decision in *Commonwealth v. Kloch*, 230 Pa. Superior Ct. 563, 327 A.2d 375 (1974) and that the majority places much too narrow a construction upon that decision. The ap-

pellee, John McCarthy, was arrested by a police officer who was in his police cruiser a mere three blocks from the scene of the accident involved in this appeal. The police officer went immediately to the scene of the accident. The vehicles involved in the collision had not been moved. The appellee was still behind the wheel of the automobile having sustained some lacerations. I believe that these circumstances are sufficient to give the officer probable cause to make the arrest here in question.[1]

I would reverse the order of the lower court and reinstate the indictment.

---

1. I do not consider the effect of the policeman's testimony that the occupants of the other car involved told him appellee was operating the vehicle.