Derry District Court
No. 7293

STATE OF NEW HAMPSHIRE v. ANDREW MARTIN

January 31, 1976

*Warren B. Rudman,* attorney general, and *James L. Kruse,* assistant attorney general *(Mr. Kruse* orally), for the State.

*Winer, Lynch, Pillsbury & Howorth* and *Kenneth M. Brown (Mr. Brown* orally) for the defendant.

DUNCAN, J. The defendant excepted to an order of the Derry District Court *(Pillsbury,* J.) denying his motion to suppress evidence of the result of a breathalyzer test upon the ground that it was the product of an illegal arrest made without a warrant. The

defendant was convicted of attempting to operate a motor vehicle while under the influence of an intoxicant in violation of RSA 262-A:62 (Supp. 1973). Reserved and transferred by *Pillsbury, J.*, upon an agreed statement of facts as follows:

"1. N.H. State Trooper John Healy was proceeding south on Route 93 near the town of Derry at approximately 10:15 p.m., February 7, 1975, when he observed a vehicle pulled over to the side of the road on the northbound side of Route 93.

"2. Trooper Healy approached said vehicle and found the motor running, no lights in operation on said vehicle and one occupant, the defendant, in said vehicle.

"3. Trooper Healy noted the defendant was seated in the driver's seat, leaning toward the passenger's seat. He tapped with his flashlight twice on the closed window of defendant's vehicle but got no response, as the defendant was asleep. Trooper Healy then shouted through the car window and roused the defendant.

"4. Trooper Healy noted a moderate odor of alcoholic beverage on the breath of the defendant and arrested him, without a warrant, for attempting to drive while under the influence. Trooper Healy did not see the defendant driving and did not know how long the defendant's car had been parked by the side of the road.

"5. The defendant was taken to the Derry Police station and submitted to a breathalyzer examination which yielded a reading of 0.12.

"6. Defendant's motion to suppress evidence was seasonably made and denied by the Court, with defendant's exception noted.

"7. The Court found the defendant guilty of attempting to drive while intoxicated."

A plethora of decisions interpreting varying statutory provisions, in cases arising from comparable circumstances, has produced a variety of results. *See* 7 Am. Jur. 2d *Automobiles and Highway Traffic* § 256 (1963); Annot., 47 A.L.R.2d 570 (1956) and supplements. At the outset it is important to distinguish those cases in which the

sufficiency of the evidence to support a conviction was in issue. The agreed facts in this case were sufficient to warrant a finding that the defendant had operated the vehicle to the extent necessary to reach the point where he was found. *State v. Scanlon,* 110 N.H. 179, 181, 263 A.2d 669, 671 (1970); *State v. Costello,* 110 N.H. 182, 263 A.2d 671 (1970); *State v. Allen,* 114 N.H. 682, 327 A.2d 715 (1974); *State v. Craigue,* 115 N.H. 239, 338 A.2d 548 (1975). This however is not the issue now presented. The only issue to be determined in this case is whether the agreed facts could be found to have furnished the arresting officer with probable cause to believe that a misdemeanor was "committed in his presence" (RSA 594:10 I), namely, that the defendant was then engaged in an attempt to operate a motor vehicle while under the influence of intoxicating liquor. RSA 262-A:62 (Supp. 1975). We are of the opinion that the district court properly so found.

One purpose of RSA 262-A:62 (Supp. 1975) is to prevent such operation before the attempt succeeds, and before it causes injury. *See Daneault v. Clarke,* 113 N.H. 481, 309 A.2d 884 (1973). The circumstances under which the defendant was found furnished probable cause to believe that he was then and there engaged in an attempt to operate the vehicle which, although temporarily suspended, would probably be resumed, quite likely at a time when his impaired judgment might satisfy him that his competence to operate had been restored.

RSA 625:9 II (a) provides that a misdemeanor is a crime; and RSA 629:1 I provides that a person is guilty of an attempt to commit a crime if with a purpose that a crime be committed "he does . . . anything which . . . is an act . . . constituting a substantial step toward the commission of the crime".

The defendant was engaged in conduct "constituting a substantial step toward the commission" of a continuing crime, which findably had already been committed, and findably was to be resumed. His intent to continue to operate was inferable from the circumstantial evidence. *State v. Wills,* 107 N.H. 107, 218 A.2d 47 (1966). Nothing in the surrounding circumstances furnished evidence of a "complete withdrawal of his criminal purpose". RSA 629:1 III. Rather they suggested the probability of resumption of that purpose. *State v. MacNamara,* 345 A.2d 509 (Me. 1975), cited by the defendant, holds that an attempt to operate is not a lesser offense included within a charge of having operated, because of the added element of intent. That issue is not present here.

On the record before us we hold that the defendant's arrest was

properly found by the district court to have been valid, and that since the evidence showed that the defendant was "in actual physical control" of the vehicle (RSA 262-A:69-a (Supp. 1975)), the evidence sought to be suppressed was properly received.

*Defendant's exception overruled.*

GRIMES, J., dissented; the others concurred.