Hillsborough
No. 7206

### State of New Hampshire v. Arnold M. Standish

August 31, 1976

*Warren B. Rudman,* attorney general, and *Richard B. McNamara,* under Supreme Court Rule 23 *(Mr. McNamara* orally), for the State.

*Leonard, Gall, Prunier, Mazerolle & Shapiro* and *Stephen J. Frasca (Mr. Frasca* orally) for the defendant.

PER CURIAM. The defendant was convicted in the Nashua District Court of operating a motor vehicle while under the influence of intoxicating liquor. RSA 262-A:62 (Supp. 1975; Laws 1971, 269:1). He appealed to the superior court and, prior to trial, moved to suppress evidence of the result of a blood test on the ground that it was the product of an illegal arrest. *Bois,* J., denied the motion and reserved and transferred the defendant's exceptions.

On January 14, 1973, Sergeant Slattery of the Nashua Police Department came to the scene of an accident in Nashua. He found the defendant at the wheel of a car which had climbed a snowbank and struck a road sign. The car had suffered extensive damage to its front end and later was towed from the scene. In the sergeant's presence the defendant turned off the vehicle's engine. The sergeant smelled liquor on the defendant's breath. Shortly thereafter Officers Adkins and McCready arrived. They too smelled liquor on the defendant's breath. They learned from

the defendant that he was the driver of the vehicle, and from Sergeant Slattery that it had been running when the sergeant had arrived. Officer Adkins arrested the defendant without a warrant.

Operating a motor vehicle while under the influence of intoxicating liquor is a misdemeanor. RSA 262-A:62 (Supp. 1975; Laws 1971, 269:1); 594:1 II. "An arrest by a peace officer without a warrant on a charge of misdemeanor is lawful whenever he has reasonable ground to believe that the person to be arrested has committed a misdemeanor in his presence." RSA 594:10 I. The defendant argues that his arrest was unlawful because no crime was committed in Officer Adkins' presence. If the arrest was invalid, the evidence of the blood test must be suppressed. See *State v. Scanlon*, 110 N.H. 179, 263 A.2d 669 (1970), which held that the defendant had not operated his vehicle in the arresting officer's presence because the vehicle had been rendered inoperable by an accident which occurred before the officer arrived at the scene. See RSA 262-A:62-b (Supp. 1975; Laws 1973, 461:1) which was enacted after the events in this case. This statute provides: "Notwithstanding any other provision of law to the contrary a peace officer may, without a warrant, arrest any person involved in a traffic accident when the officer has probable cause to believe that such person has violated the provisions of RSA 262-A:62."

The defendant argues that his vehicle was inoperable by reason of the damage to its front end. *State v. Scanlon supra.* The record indicates that the trial court had the *Scanlon* decision before it at the hearing. The court's decision implicitly rests on a finding that the vehicle in this case was operable. The evidence of the circumstances of the accident and the fact that the engine was running warrant this finding. *State v. Reed,* 106 N.H. 140, 141, 207 A.2d 443, 444 (1965).

The defendant concedes, if it is found that the vehicle was operable, that he operated it in the presence of Sergeant Slattery. *See State v. Martin,* 116 N.H. 47, 351 A.2d 52 (1976); Annot., 47 A.L.R.2d 570 (1956). He denies, however, that he operated the vehicle in the presence of Officer Adkins who arrested him because he had shut off the engine before Officer Adkins arrived at the scene. Officer Adkins acted at the scene of the crime in the presence of and in reliance upon Sergeant Slattery who could have lawfully arrested the defendant. This procedure did not infringe any substantial right of the defendant. *State v. Cook,* 194 Kan. 495, 399 P.2d 835 (1965); Comment, *The Presence Require-*

*ment and the "Police-Team" Rule in Arrest for Misdemeanors,* 26 Wash. & Lee L. Rev. 119 (1969); *see State v. Brodhead,* 116 N.H. 39, 351 A.2d 57 (1976).

*Defendant's exceptions overruled; remanded.*