## Commonwealth v. Fessenden

*Rolf Bienk,* for Commonwealth.
*Richard Guida,* for defendant.

DOWLING, *J.,* March 24, 1977 — Defendant faces a charge of open lewdness, a misdemeanor of the third degree (punishable by a maximum of one year in prison). Contrary to Rule 102 of the Pennsylvania Rules of Criminal Procedure[1], the complaint was brought home to him by a warrant of arrest rather than a summons. For this reason, he has moved to quash the information. Defense counsel initially raised the objection at the preliminary hearing prior to the taking of any testimony.

The precise issue before the court, apparently not previously decided, is the effect of such an arrest where the proper procedure would have been to issue a summons rather than a warrant. It is clear that an arrest under these circumstances is

---

"Rule 102. Use of Summons or Warrant of Arrest in court cases

"If a complaint charges an offense which is a court case, the issuing authority shall:

"(a) unless he has reasonable grounds to believe the defendant will not obey a summons, issue a summons and not a warrant of arrest in cases in which

". . .

"(3) the offense charged is punishable by a sentence to imprisonment of not more than three years."

(The various exceptions in the Rule are not applicable and the Commonwealth admits that the proper procedure was not followed.)

illegal: Commonwealth v. Shillingford, 231 Pa. Superior Ct. 407, 332 A. 2d 824 (1975). However, that case is not dispositive of the present one because in Shillingford, the court, in ordering a new trial, held that since the arrest was illegal, evidence seized as a result of such an arrest should have been suppressed. See Commonwealth v. Jacoby, 226 Pa. Superior Ct. 19, 311 A. 2d 666 (1973). Here defendant does not seek to suppress as the case concerns the alleged exposure by Mr. Fessenden of his genital area to an unappreciative neighbor. The evidence in this situation could not appropriately be seized. In any event, defendant argues hard for a termination of the proceedings, rising to the occasion by pointing out that the purpose of the rule, to prevent embarrassment and detention for relatively minor crimes, is rendered impotent if there is no adequate remedy for its violation.

We must erect a well established principle of law in response to defendant's plea, namely, that an illegal arrest does not require the quashing of an indictment or information: Commonwealth v. McCarthy, 234 Pa. Superior Ct. 363, 338 A. 2d 666 (1975), and cases cited therein; even though many of these decisions deal with situations where defendant waived the irregularity or defect by not promptly raising the issue.

We feel that Commonwealth v. Krall, 452 Pa. 215, 304 A. 2d 488 (1973), goes to the root of the matter. There, defendant was convicted by a jury of burglary and it was determined that the complaint and warrant were defective because no information was provided from which the Justice of the Peace could have made a judgment that probable cause existed to issue process. In affirming the judgment of sentence, the court stated: "Unfor-

tunately for appellant, the remedy on this direct appeal is not to vacate his conviction.

"It has long been the law in this and in other jurisdictions that 'the mere fact that the arrest of an accused person is unlawful is of itself no bar to a prosecution on a subsequent indictment or information, by which the court acquires jurisdiction over the person of the defendant.' "

The court held that the remedy in such a situation was for defendant to seek his release by habeas corpus prior to disposition of his case by the issuing authority. The preliminary hearing in this case was held October 22, 1976, and the information filed January 4, 1977. This clearly seems to put the issue within Krall, supra.

Accordingly, defendant will have to show himself in a court of law.

## ORDER

And now, March 24, 1977, defendant's motion to quash the information is denied.