Hillsborough
No. 79-094

MAURICE BOURGEOIS *& a.*

v.

TOWN OF BEDFORD

March 5, 1980

*Brown & Nixon*, of Manchester (*David L. Nixon* orally), for the plaintiffs.

*Sheehan, Phinney, Bass & Green*, of Manchester (*James E. Higgins* orally), for the defendant.

BROCK, J. This is a petition for declaratory judgment and injunctive relief arising out of the adoption of a zoning ordinance amendment by the 1978 Bedford town meeting. The principal issue on this appeal is whether substantial compliance with the statutory filing requirements relating to protest petitions is sufficient to require a two-thirds affirmative vote for adoption of a proposed amendment. RSA 31:64 (Supp. 1979).

Plaintiffs, landowners in Bedford who opposed adoption of the amendment in question, contend that they substantially but not strictly complied with the requirements of RSA 31:64 (Supp. 1979). The amendment was approved by a majority but less than a two-thirds vote. The town moderator ruled that the amendment was adopted and plaintiffs thereafter filed this action in the superior court. Defendant filed a motion to dismiss, alleging that the plaintiffs were not entitled to relief because they had failed first to appeal to the selectmen under RSA 31:74 (Supp. 1979). Relying upon plaintiffs' admission in their pleadings that they had not strictly complied with the statute, the town also filed a demurrer requesting that the petition be dismissed.

After a hearing on the merits, the Master (*Griffith*, J.) made certain findings, recommended that the defendant's motions to dismiss be denied and that all questions of law raised by his findings be reserved and transferred to this court without ruling. The Superior Court (*Loughlin*, J.) approved the master's report and the town excepted to the adverse rulings on its demurrer and motion to dismiss. Both parties excepted to various findings of fact.

The zoning amendment in question would increase the minimum lot size from one and one-half acres to three acres in certain areas of

Bedford. In addition, required lot frontage would increase from one hundred fifty feet to two hundred fifty feet.

A brief summary of the facts surrounding plaintiffs' efforts to require a two-thirds affirmative vote for passage of the amendment is essential. In anticipation of the town meeting, plaintiffs had four protest petitions in circulation. On Sunday, March 12, 1978, the chairman of the board of selectmen advised one of the plaintiffs that the petitions could be submitted at any time prior to the close of the polls. That same day, plaintiff Wiggin brought one petition to the chairman and offered to collect and deliver all the remaining petitions that night. The chairman declined this offer and instructed Mr. Wiggin to deliver all of the petitions to the town moderator before the close of the polls. The chairman was also a signatory on one of the petitions, and the master found that his advice was given in good faith.

Relying upon the chairman's instructions, plaintiffs delivered all four petitions to the town moderator late the next evening, March 13, 1978. After the polls opened on March 14, the moderator telephoned the New Hampshire Secretary of State's office and discovered for the first time that RSA 31:64 had recently been amended. The new provision, RSA 31:64 II (Supp. 1979), had become effective on September 3, 1977, and provided that:

> In order to have any protest considered the signed petition shall be submitted to the selectmen at least 24 hours prior to the town meeting, and the moderator shall announce that a protest petition has been received at the opening of the town meeting.

After the polls closed and the vote on the proposed zoning amendment was tallied, the moderator ruled that the protest petitions had not been properly submitted and that the zoning amendment was adopted by a simple majority vote. This determination was made notwithstanding the fact that the town engineer had rendered his report earlier in the day that the number of signatures on the petition was sufficient to require a two-thirds vote.

On this appeal, we must first consider whether one who pleads *substantial* rather than strict compliance with the provisions of RSA 31:64 states a claim upon which relief may be granted. If the answer to this question is in the affirmative, then we must next consider whether the plaintiffs in this case substantially complied with the statute.

■ We have previously recognized that an allegation of substantial compliance with a statute or ordinance may provide sufficient basis for relief. *Keene v. Gerry's Cash Mkt., Inc.*, 113 N.H. 165, 304 A.2d 873

(1973); *McKinney v. Riley*, 105 N.H. 249, 197 A.2d 218 (1964). "Minor deviations from the statutory procedure or technical violations thereof may be excused if there is substantial compliance." *Barcomb v. Herman*, 116 N.H. 318, 320, 358 A.2d 400, 402 (1976). Plaintiffs, accordingly, by pleading substantial compliance, did establish a basis upon which relief could be granted and the town's demurrer was properly overruled.

Prior to the enactment of RSA 31:64 II (Supp. 1979), we recognized that the purpose of RSA 31:64 was to afford landowners protection from hastily conceived and ill-advised amendments to zoning ordinances. *Disco v. Board of Selectmen*, 115 N.H. 609, 347 A.2d 451 (1975); *see Alton v. Fisher*, 114 N.H. 359, 320 A.2d 653 (1974). That protection remains an integral part of the statute. Furthermore, we have recognized the validity of substantial performance and will not abandon that doctrine in favor of strict compliance when to do so would frustrate the legislative purpose and deny landowners the protection afforded them by statute.

The legislative history of RSA 31:64 II (Supp. 1979) reveals that it was designed to give towns time to verify the signatures on the protest petitions. The following language is found in 2 N.H.H.R. Jour. 1093 (1977):

> SB 330, relative to protests in zoning ordinance change. Ought to pass. Rep. Beverly Gage for Municipal and County Government.
>
> > This bill provides: . . . . 2. that the petition be filed at least 24 hours prior to the meeting so those signatures can be checked.

In this case, the petition signatures were in fact checked and found to be valid before the end of the voting day, March 14, 1978. The purpose underlying RSA 31:64 II (Supp. 1979) was fulfilled.

In the past, we have been reluctant to strip landowners of the protection given them by RSA 31:64 when town selectmen have delayed sending the petition to the town meeting. *Alton v. Fisher supra.*

We are persuaded by the fact that one of the plaintiffs attempted to submit a petition to the chairman of the board of selectmen "at least 24 hours prior to the town meeting" and that the purpose of RSA 31:64 II (Supp. 1979) (the validation of signatures) was achieved. We further believe that the purpose of RSA 31:64 (Supp. 1979) (the protection of landowners' rights) would be frustrated if the doctrine of substantial

compliance was not applied in this case. Accordingly, we find that the plaintiffs substantially complied with the filing requirement of RSA 31:64 (Supp. 1979) and hold that a two-thirds affirmative vote was required for the adoption of the proposed amendment to the Bedford zoning ordinance.

The town also filed a motion to dismiss based on plaintiffs' failure to first appeal to the board of selectmen pursuant to RSA 31:74 (Supp. 1977). We have previously held that when the issue in an appeal involves a question of law rather than a question of the exercise of administrative discretion, administrative remedies need not always be exhausted before a court will resolve the matter. *Tremblay v. Town of Hudson*, 116 N.H. 178, 179, 355 A.2d 431, 432 (1976); *Metzger v. Brentwood*, 115 N.H. 287, 290–91, 343 A.2d 24, 26–27 (1975). Accordingly, we hold that defendant's motion to dismiss was properly denied.

Finally, with regard to the town's exception to the master's findings of fact, we conclude that the findings were supported by the evidence. On review, we will not substitute our own conclusions of fact if the master's findings could reasonably be made on the evidence. *Archambault v. Adams*, 118 N.H. 634, 638, 392 A.2d 139, 142 (1978); *see Aetna Insurance Co. v. American Ski Corp.*, 119 N.H. 974, 409 A.2d 1356 (1979).

*Defendant's exceptions overruled; judgment for the plaintiffs.*

GRIMES, C.J., and KING, J., did not sit; the others concurred.