Merrimack
No. 79-255

EDWARD L. DUBY, JR.

v.

MARK OSGOOD *& a.*

May 12, 1980

*Leslie R. Long,* of Concord, by brief for the plaintiff.

*Hall, Morse, Gallagher & Anderson,* of Concord (*G. Wells Anderson* on the brief) for the defendants.

### MEMORANDUM OPINION

The issue in this action for breach of contract is whether the master's determination that the plaintiff failed to prove that the defendants had not conveyed a marketable title is supported by the evidence. We hold that the evidence supports the finding of the Master (*William H. Beckett,* Esq.) and overrule the plaintiff's exceptions which were transferred by *Cann,* J.

In resolving this issue we begin by observing that a master's findings of fact are binding on this court if supported by the evidence. *Ballou v. Ballou,* 118 N.H. 463, 387 A.2d 1169 (1978). Questions regarding the credibility of witnesses and the weight to be given testimony are for the master to resolve. *Id.* at 466, 387 A.2d at 1170; *Rousseau v. Rousseau,* 116 N.H. 106, 352 A.2d 706 (1976). A review of the transcript indicates that the "Sales Agreement and Deposit Receipt" required that the defendants "furnish a duly executed, good and sufficient marketable deed of the property, free and clear of all encumbrances not specifically excepted in this agreement." According to the plaintiff's own testimony, the defendants tendered a quitclaim deed at the closing which Duby accepted and recorded. In addition, both defendants testified that at no time prior to the execution and delivery of the deed to the plaintiff did they make any representations or warranties regarding the property. The record also reveals that the plaintiff failed to introduce any testimony from a title examiner regarding the marketability of the title. Although a tax deed was part of the chain of title, no such deed was introduced into evidence. Nor was there any testimony regarding the effect of RSA 80:39 on the validity of the tax deed. The fact that prior to this action the plaintiff instituted a "Petition To Quiet Title" does not itself satisfy his burden of proof in this case.

We conclude that the master's determination is supported by the evidence.

*Exceptions overruled.*