Hillsborough County Probate Court
No. 79-402

## CONSERVATORSHIP OF BESSIE C. BRADLEE

June 12, 1980

*Frank J. Sylvia*, of Hillsborough, by brief and orally, as administrator of the estate of Bessie C. Bradlee.

*Wiggin & Nourie*, of Manchester (*Gregory A. Holmes* orally), for the conservator, Penelope Carbee.

BOIS, J. This is an appeal from a decree of the probate court vacating a conservator's license to sell real estate after she had conveyed the ward's property to herself. We affirm the court's decree.

On petition of Bessie C. Bradlee, the Hillsborough County Probate Court (*Copadis*, J.) in November 1976 appointed Penelope Carbee as her conservator. The petition was accompanied by the required physician's statement certifying that Bradlee was "capable of fully understanding the nature and purport of her petition for the appointment of a conservator of her property."

On petition of Carbee dated June 2, 1977, the probate court issued her a license to sell Bradlee's real estate. This license was issued on June 13, 1977, and contained the following language:

> Your Petitioner seeks to sell and convey these premises to *Penelope D. Carbee and Walter Sterling* of said Hillsborough as tenants in common for the sum of Twenty Thousand Dollars ($20,000.00) subject to and assuming the present outstanding balance of the mortgage from Bessie C. Bradlee to The Bank of New Hampshire.

(Emphasis added.) The balance of the mortgage referred to was less than four thousand dollars. On August 17, 1977, Carbee, as conservator, executed a deed conveying her ward's property to herself *only* and recorded the deed on August 25, 1977.

Bradlee died on November 9, 1977. Frank Sylvia was then appointed administrator of her estate. As administrator, he filed with the court an objection to the conservator's accounting and sale of the real estate. He alleged that the real estate had been sold to Carbee individually, and not to her and Sterling as described in the license. He also alleged that the amount that the property had been sold for, $20,000 and the assumption of the mortgage, was inadequate consideration, as evidenced by the fact that it was being offered for resale for more than $100,000.

The license to sell was returned and filed with the court on October 3, 1978, indicating that the conservator had sold the property to herself in her private capacity. The probate court ordered a hearing on the conservator's first and final account, and also ordered her to show cause why the granting of the petition to sell real estate to herself should not be vacated. Following a hearing on January 16, 1979, *Copadis*, J. ruled that Bradlee was not competent at the time of the conservator's appointment and vacated Carbee's license to sell Bradlee's real estate. Carbee appealed from this decree.

■ The first issue is whether a probate court has authority to vacate a conservator's license to sell real estate. We hold that it

does, and that it may exercise that authority whenever it deems it appropriate and in the best interests of the ward. RSA 547:3, :4, 559:18 (Supp. 1979).

■ The second issue is whether the conservator's deviation from the terms of her license to sell real estate was sufficient to render a conveyance under that license invalid. The probate court granted Carbee a license to sell and convey the real estate in question to "Penelope D. Carbee and Walter Sterling . . . as tenants in common." Carbee in fact sold and conveyed the real estate to herself alone. We find this deviation to be significant and sufficient to invalidate the conveyance.

Carbee argues that the deviation from the terms of the license was insignificant and did not result in injury to the ward, and that the conveyance was therefore valid. In the context of the administrator's allegations and the facts before us, however, the deviation can be found to have resulted in injury to the ward. The probate court stated that in granting the license it "relied upon the fact, that the sale was to be, not only to the fiduciary but to a stranger to the conservatorship which would have negated any presumption of invalidity." Because the record supports a finding that the deviation was significant, we uphold the court's decree rendering the conveyance to Carbee invalid. *See Bourgeois v. Town of Bedford*, 120 N.H. 145, 412 A.2d 1021 (1980).

*Affirmed and remanded.*

All concurred.