Merrimack
No. 79-254

EDWARD L. DUBY, JR.

v.

APPLE TOWN REALTY, INC.

June 18, 1980

*Leslie R. Long,* of Concord, by brief for the plaintiff.

*Orr & Reno,* of Concord, by brief for the defendant.

MEMORANDUM OPINION

The sole issue presented for review is whether the evidence supports the court's dismissal of this action against the defendant

for negligent misrepresentation. A review of the record reveals that the evidence supports the court's action; we therefore overrule the plaintiff's exceptions transferred by *Cann*, J., upon a master's report (*William Beckett*, Esq.).

Both the present case and the companion case of *Duby v. Osgood*, 120 N.H. 356, 415 A.2d 326 (1980), arose out of the plaintiff's purchase of a parcel of land from Mark and Diana Osgood. In *Osgood*, we affirmed the master's finding that the plaintiff had failed to prove that the deed conveyed by the Osgoods was not marketable. *Id.* at 357, 415 A.2d at 327. In this action against the real estate broker involved in the transaction, the plaintiff seeks to recover for damages suffered as a result of allegedly false representations regarding the state of title to the land.

This court has held that a plaintiff can recover if he proves that he suffered damages as a result of reliance placed on false statements made by one who should have known them to be false. *Maxwell Ice Co. v. Company*, 80 N.H. 236, 116 A. 34 (1921). The record in the present case indicates that the broker represented to the plaintiff that the Osgoods owned the property, which they did by virtue of quitclaim deeds. In the companion case, the master found that the broker reasonably believed that the Osgoods were the owners, and that he did not make the statement with knowledge that it was false. The evidence adduced at trial does not compel a contrary conclusion. It is unnecessary for us to decide whether the broker's statement was false or not. Because the plaintiff failed to prove an essential element of his case, namely that the broker knew or should have known that he spoke an untruth, the plaintiff's case must fail.

*Exceptions overruled.*