Rockingham
No. 79-374

THE STATE OF NEW HAMPSHIRE

v.

JOHN T. O'MALLEY

June 25, 1980

508

*Gregory H. Smith*, acting attorney general (*Deborah J. Cooper*, assistant attorney general, orally), for the State.

*James A. Connor*, of Manchester, by brief and orally, for the defendant.

KING, J. This is an appeal from a verdict by the Trial Court (*Randall*, J.) finding the defendant guilty of operating a motor vehicle while under the influence of intoxicating liquor, second offense, RSA 262-A:62, and of operating a motor vehicle after a license had been revoked. RSA 262:27-b.

On March 17, 1978, police officers observed a vehicle parked on a public way. The officers testified that the vehicle engine was idling, that the lights were on, and that exhaust was coming from the tail pipe. The officers further testified that they observed the defendant in the driver's seat with his head slumped over and his eyes closed. After the officers knocked on the vehicle's window without a response from the defendant, they opened the door and observed several empty and full beer bottles and detected an odor of alcohol.

After being awakened by one of the officers, the defendant allegedly pushed in the clutch and tried to shift the gear. The defendant was then asked to step out of the car and produce his license and registration. Defendant responded that he had no license. The officer then assisted the defendant to the police vehicle as the defendant stumbled, staggered, and nearly fell. The officer performed field sobriety tests on the defendant. During the course of the balancing tests, defendant swayed 5-6 inches front to rear and almost fell. In the performance of the finger-to-nose test, the defendant twice missed his nose with both hands. The defendant was then placed under arrest for operating a motor vehicle while intoxicated, second offense, and for operating after revocation.

The primary issue on this appeal is whether the trial

court erred in ruling that the defendant had, in fact, operated the vehicle. This court is reluctant to conclude that a defendant has operated a vehicle when, in fact, the officer has not seen the operator behind the wheel moving the car. *State v. Scanlon*, 110 N.H. 179, 263 A.2d 669 (1970); *see* 7 AM. JUR. 2d *Automobiles and Highway Traffic* § 256 (1963). In the instant case, the uncontroverted evidence is that the defendant was asleep and the car was not moving. Circumstantial evidence which excludes any other rational conclusion is sufficient, however, to establish beyond a reasonable doubt that a person was the operator of an automobile. *State v. Costello*, 110 N.H. 182, 263 A.2d 671 of an automobile. *State v. Costello*, 110 N.H. 182, 263 A.2d 671 (1970); *see State v. Martin*, 116 N.H. 47, 351 A.2d 52 (1976).

▪ Defendant testified that he had not operated nor intended to operate the motor vehicle, that he had hitchhiked to Arthur Lambro's house, and that at some time later that evening, Lambro suggested that the defendant "[g]o warm up the car and I'll get my coat and drive you home." He testified he went out to the car and fell asleep. We find that the defendant's account of what transpired was not unreasonable and note that the State offered no evidence to dispute defendant's testimony.

▪ The State must prove beyond a reasonable doubt that the defendant operated the motor vehicle upon a public way in this State while under the influence of intoxicating liquor. *State v. Costello supra* (dissenting opinion); *see State v. Scanlon supra*. We hold, as a matter of law, that in the absence of evidence which establishes beyond a reasonable doubt that the defendant operated the motor vehicle, the defendant's mere presence in a nonmoving vehicle is insufficient to meet the State's burden.

*Reversed.*

BOIS, J., dissented; the others concurred.

BOIS, J., dissenting:

The record before us reveals not only that the defendant was in physical control of an operable vehicle, but that he attempted to operate it upon being awakened. Admittedly no one witnessed the operation, but this court has long held that " '[d]irect evidence that the defendant was observed in the act of operating the motor vehicle is not an indispensable requisite to prove his operation.' *State v. Costello*, 110 N.H. 182, 183, 263 A.2d 671, 672 (1970), and 'circumstantial evidence may be utilized as proof of a crime, and eyewitnesses to the offense charged are not essential.' *State v.*

*Davis,* 108 N.H. 45, 50, 226 A.2d 873, 877 (1967); 15 D. BLASHFIELD, AUTOMOBILE LAW AND PRACTICE § 491.25 n.18 (1969, 1974 Supp.) *see* 9 J. WIGMORE, EVIDENCE § 2497 (3d ed., 1940).' " *State v. Allen,* 114 N.H. 682, 683, 327 A.2d 715, 716 (1974); *see also State v. Standish,* 116 N.H. 483, 363 A.2d 404 (1976); *State v. Martin,* 116 N.H. 47, 351 A.2d 52 (1976); *State v. Craigue,* 115 N.H. 239, 338 A.2d 548 (1975).

The majority opinion seems to be based on a belief that the defendant's account of what transpired was not unreasonable and that the State offered no evidence to dispute his testimony.

It is established law that in our examination of the record we are bound by the indisputable principle that conflicts in the testimony are for the trier of fact. *State v. Berry,* 117 N.H. 352, 355, 373 A.2d 355, 357 (1977); *State v. Bergeron,* 115 N.H. 70, 74, 333 A.2d 721, 724 (1975); *State v. Reed,* 106 N.H. 140, 141, 207 A.2d 443, 444 (1965). "[I]t is axiomatic that the Trial Court . . . , who had an opportunity to observe and hear the defendant . . . , [is] in a better position to judge his capacity and evaluate his testimony . . . than an appellate court." *State v. Reed, supra* at 145, 207 A.2d at 446. "Questions regarding the credibility of witnesses and the weight to be given testimony are for the [court] to resolve." *Duby v. Osgood,* 120 N.H. 356, 415 A.2d 326 (1980). "[T]he factfinder is not bound to believe even uncontroverted evidence." *93 Clearing House, Inc. v. Khoury,* 120 N.H. 346, 415 A.2d 671 (1980). "[T]he trier of fact is not bound by an expert's testimony even when it is uncontradicted." *State v. Rullo,* 120 N.H. 149, 152, 412 A.2d 1009, 1012 (1980). Our caselaw makes it abundantly clear that the trier of fact may believe or disbelieve, accept or reject, in whole or in part any witness' testimony. It is therefore a question of credibility and not one of reasonableness.

"In reviewing on appeal a trial court's determination, the question presented is whether there is evidence in the record from which a reasonable person could reach the conclusion which the trial court did." *State v. Inselburg,* 114 N.H. 824, 830, 330 A.2d 457, 461 (1974). Findings of fact are binding on this court and "[o]n review, we will not substitute our own conclusions of fact if the [court's] findings could reasonably be made on the evidence." *Bourgeois v. Town of Bedford,* 120 N.H. 145, 412 A.2d 1021, 1024 (1980); *Duby v. Osgood,* 120 N.H. 356, 415 A.2d 326 (1980).

I therefore conclude that the conviction of the defendant was warranted by the evidence in this case.