Merrimack
No. 80-173

HORIZON HOUSE REAL ESTATE, INC.

v.

ARTHUR W. BIXBY & a.

March 6, 1981

*Rita G. Bixby,* of Haverhill, by brief and orally, pro se.

*Hall, Morse, Gallagher & Anderson,* of Concord (*Charles T. Gallagher* orally), for the defendants Donald J. Hodgdon and Jenny J. Hodgdon.

PER CURIAM. The question in this interpleader action is whether the evidence supports a determination that the seller could retain a deposit on the purchase of real property. We uphold the trial court.

On May 15, 1978, Arthur W. and Rita G. Bixby signed a contract in which they agreed to purchase certain real estate owned by Donald J. and Jenny J. Hodgdon. The contract provided that the buyers would forfeit a $3,000 deposit as liquidated damages if they failed to complete the sale by September 1, 1978. The master found that a subsequent agreement provided that the buyers were to occupy the premises and pay a rental of $225 a month until the sale was closed.

The sale was not completed. The plaintiff, the real estate brokerage firm handling the sale, filed a bill of interpleader seeking a judicial determination of which of the parties was entitled to the deposit held by it. The matter was referred to a Master (*Robert A. Carignan,* Esq.), and the deposit, less the plaintiff's expenses, was

paid into court. The master found that the Hodgdons were entitled to the deposit and the Superior Court (*Cann*, J.) approved his report. The Bixbys appealed.

The Bixbys claim that the supplemental written agreement under which they were to occupy the premises contained a provision that the deposit would not be forfeited, but that the Hodgdons struck the clause after the Bixbys had executed the agreement. The master found, however, that the Hodgdons refused to accept this provision and that it was stricken before the agreement was signed by either the buyers or the sellers. This finding is supported by the evidence and must therefore stand. *Duby v. Osgood*, 120 N.H. 356, 415 A.2d 326 (1980). Because such a finding leaves in effect the provision of the May 15, 1978, agreement that the Bixbys would forfeit the deposit if they failed to perform, the decision of the trial court was proper. Furthermore, even assuming that the provision was stricken after the Bixbys had signed but before the Hodgdons had signed, this would have the effect only of nullifying the entire supplemental agreement and would leave in effect the previous agreement which called for a forfeiture of the deposit.

It is difficult to follow the Bixbys' argument that there was no consideration for the agreement that the deposit be forfeited. Nevertheless, it is clear that the purchase-and-sale agreement which contained the forfeiture clause was supported by adequate consideration. The sellers, in reliance upon the contract of sale, took the property off the market in order to give the buyers until September to perform. Because this is a detriment to the promisee, it is sufficient consideration. *See Corning Glass Works v. Max Dichter Co.*, 102 N.H. 505, 512, 161 A.2d 569, 575 (1960).

*Affirmed.*